THE CITY OF ROCHESTER, Plaintiff, *v.* ROCHESTER GAS AND ELECTRIC CORPORATION and THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, Defendants.

*Public Service Commission — power to order or permit gas and electric company to make service charge.*

Submission of a controversy pursuant to section 1279 of the Code of Civil Procedure, between the above named parties, involving the authority and jurisdiction of Public Service Commission, Second District, of the State of New York, to order or permit the plaintiff to make a service charge of forty cents per consumer per month.

Submission dismissed, without costs, on the authority of *Woodruff* v. *People* (193 N. Y. 560). All concur, except Kiley, J., dissenting, with an opinion in which Woodward, J., concurs.

KILEY, J. (dissenting): Previous to the 1st day of July, 1920, the Rochester Gas and Electric Corporation filed with the Public Service Commission, Second District, of the State of New York, its petition asking permission to so change and adjust its rates as to yield increased returns to said gas and electric corporation. The petition is not in the record and its exact form as to the relief asked does not appear. Notice of hearing, as provided by section 72 of the Public Service Commissions Law was given; hearings were had and evidence taken. On July 1, 1920, after such hearing was had, the Public Service Commission aforesaid made the following order: " Rochester Gas and Electric Corporation having filed with this Commission a petition and amendatory petition or complaint under sections 71 and 72 Public Service Commissions Law, alleging that the prices now charged by it to the public in the city of Rochester for manufactured gas are insufficient to yield reasonable compensation for the service rendered and are, therefore, unreasonable; and public hearings on said complaint, after due notice, having been held as stated hereinabove, those named above appearing; and this Commission determining from the papers and evidence at the hearings, that it may properly allow a service charge

to be put in effect immediately, leaving the determination of the quantity price or prices to be charged for the use of gas to be determined in this proceeding in the future, it is: Ordered, under subdivision 12, section 66 and sections 71 and 72, Public Service Commissions Law,* that Rochester Gas and Electric Corporation may publish and file with this Commission, effective July 1, 1920, an amendment to its existing schedule on file with this Commission, which amendment may provide that for a period of six months on and after this date, or until the further order of the Commission, said company may add to its present rates a service charge to its customers for manufactured gas for fuel and light, in the sum of forty cents per month per *meter* [italics mine] on condition that such existing schedule shall also be amended by cancelling the minimum charge now included therein." On the 14th day of October, 1920, the said Commission made the following recital and order: "Upon the facts found and for the reasons stated in the accompanying memorandum, it is Ordered: 1. That the Rochester Gas and Electric Corporation be permitted to continue in effect the service charge of forty cents per month for each consumer installed in pursuance of the order of this Commission of July 1, 1920. 2. That the maximum price for gas sold in addition to said service charge shall be $1.30 per thousand cubic feet. 3. That this order shall remain in effect for five (5) months from and after November 1, 1920, and thereafter until otherwise ordered by this Commission. 4. That the Rochester Gas and Electric Corporation be authorized to file proper tariffs under this order effective on five (5) days' notice to the public and the Commission, but as to each consumer only after the next reading of his meter subsequent to the effective date of the order. Said tariffs to bear the following notation: 'Issued on five (5) days' notice to the public and the Commission under order of the Public Service Commission, Second District, State of New York, bearing date October 14, 1920, in case No. 7468.' 5. That the Rochester Gas and Electric Corporation shall file with the Commission not later than March 15, 1921, a sworn statement showing in detail the revenues, operating and other expenses of said corporation for the period from the effective date of such tariffs to March 1, 1921." On the 21st day of October, 1920, the said Commission made the following order: "After due consideration, it is Ordered, That Rochester Gas and Electric Corporation shall file with the Commission, effective five days after date of filing, amendments to its tariff schedule of rates, which amendments shall be in the following language: The company may supply gas to the consumers' premises through one or more service connections, but in case there is a plurality of service connections each service connection shall be considered as one consumer under the rates stated in P. S. C. No. 2, N. Y. Service Classification No. 1. The company may install one or more meters for each service connection,

---

* See Laws of 1920, chap. 542, amdg. said §§ 72, 66, subd. 12. Sections of act cited in opinion have been since amended and short title of act changed to Public Service Commission Law by chapter 134 of the Laws of 1921.— [REP.

but if the company, because of the size of meter required to measure the gas, elects to install two or more meters rather than one large meter for one consumer for each service connection, such plurality of meters shall be considered as one meter under P. S. C. No. 2, N. Y. Service Classification No. 1." The plaintiff objected to and still objects to the provision and effect of those orders. It did not seek review of the orders by certiorari, but the plaintiff by its mayor authorized by proper authority, the defendant gas and electric corporation and the Public Service Commission of the Second District of the State of New York agreed upon a case containing a statement of facts, under section 1279 of the Code of Civil Procedure, and upon such facts so stipulated it is urged that this court answer three several questions propounded as follows: *First.* Did the Public Service Commission of the State of New York, Second District, have authority and jurisdiction to order or permit the service charge of forty cents per consumer per month as provided in its orders of July 1, 1920, and October 14, 1920? *Second.* Is such service charge unjust and unreasonable or unjustly discriminatory, regardless of the amount thereof? *Third.* Does such service charge constitute ' rent on a gas meter ' within the meaning of section 66 of the Transportation Corporations Law, and is the charging and collection thereof consequently barred by such section?" Briefs were filed by several of the municipalities of the State with this court upon the argument, *amicus curiæ.* The question is raised and it is argued with a considerable degree of consistency that the submission of this controversy is not authorized under section 1279 of the Code of Civil Procedure, in that none of the parties to this action could bring an action against the other for the same cause set forth in the record herein; and further, that the Public Service Commission is a distinct body clothed with power to hear and determine the questions herein involved, in the first instance, always provided that such Commission does not offend against any provision of the law in so doing. That the modus of reviewing its determination is also provided by law, viz., by certiorari. Under certain conditions these suggestions would be quite cogent. (*City of New York* v. *N. Y. Edison Co.*, 196 App. Div. 644, the court saying, in effect, in that case, that it was not its province to interfere with the regularity and administrative work of the Public Service Commission.) In the last cited case no stipulation was made adopting the rule of procedure to be followed. In *Baltimore & Ohio R. R.* v. *Pitcairn Coal Co.* (215 U. S. 481), in addition to what is quoted from the opinion in *City of New York* v. *N. Y. Edison Co. (supra)*, it further says: " The controversy is controlled by the considerations which governed the ruling made in *Texas & Pacific Ry. Company* v. *Abilene Cotton Oil Co.* (204 U. S. 426). In that case suit was brought in a court of the State of Texas to recover, because of an exaction by a carrier, on an interstate shipment, of an alleged unreasonable rate, although the rate charged was that stated in the schedules duly filed and published in accordance with the act to regulate commerce. After great consideration, it was held that the relief prayed was inconsistent with the act to regulate commerce, since by that act the rates, as filed, were controlling until they had

been declared to be unreasonable by the Interstate Commerce Commission on a complaint made to that body." *New York Telephone Co.* v. *Siegel-Cooper Co.* (202 N. Y. 502) was a controversy submitted to the Appellate Division, First Department, pursuant to section 1279 of the Code of Civil Procedure. It was entertained and an appeal taken to the Court of Appeals and there considered but it will be seen that the telephone company could have brought an action under its contract with the defendant. However, the parties affected by any finding made by this court cannot raise the question here considered; each is bound by the stipulation made and has waived any right to raise that question. A party may waive his or its legal rights; it may waive constitutional rights. (*Wall* v. *Beach*, 20 App. Div. 480.) I conclude that the defendants could waive their right to have the questions, so far as they may be reviewed, reviewed by certiorari and proceed by submission under section 1279 as aforesaid. We can pass upon questions of law only. (*Marx* v. *Brogan*, 188 N. Y. 431.) The record does not contain the evidence taken upon the hearing before the Public Service Commission. Commissioner Irvine's opinion [See *Matter of Rochester Gas & Electric Corp.*, 24 State Dept. Rep. 175] is incorporated in the record; it is stipulated by the parties that it correctly states the facts; by it we are advised that the returns to the defendant gas company are just, reasonable and not discriminatory, viz., that the rates charged against the consumers for service and gas were reasonable and not discriminatory as between the consumers. That was decided as a question of fact and we cannot draw any other inference of fact from the facts as stipulated. (202 N. Y. *supra*, 506.) The right to pass upon the reasonableness of rates and as to whether such rates were discriminatory was delegated by the Legislature to the Commission, and so long as it confers equal rights on all parties it is a valid delegation of power. (*Village of Saratoga Springs* v. *Saratoga Gas, Electric Light & Power Co.*, 191 N. Y. 123.) The validity of the statute is not questioned here. The findings upon questions of fact were peculiarly for the Commission. (*Pennsylvania R. R.* v. *Puritan Coal Co.*, 237 U. S. 121; *Interstate Commerce Commission* v. *Union Pacific R. R.*, 222 id. 541; *Interstate Commerce Commission* v. *Alabama Midland Railway*, 168 id. 144.) I am of the opinion that we cannot disturb the stipulated fact that the amount exacted from the consumer is reasonable and not discriminatory. The first and third questions are not in effect the same, and one of them, at least, contains trouble for the defendant gas company. Taken together they amount to this: Did the Public Service Commission have authority and jurisdiction to permit a service charge of forty cents per consumer per month and did it constitute "rent on a gas meter." Section 65, subdivision 2,* provides that "No gas corporation, electrical corporation or municipality shall directly or indirectly, by any special rate, rebate, drawback or other device or method, charge, demand, collect or receive from any person or corporation a greater or less compensation for gas or electricity or for any service rendered or to be rendered or in connection therewith,

---

* See Public Service Commissions Law, § 65, subd. 2.— [REP.

except as authorized in this chapter, than it charges, demands, collects or receives from any other person or corporation for doing a like and contemporaneous service with respect thereto under the same or substantially similar circumstances or conditions." The exception above referred to is found in subdivision 4 of that section and does not affect the question here considered. The determination of a question arising under section 65 would largely depend on the questions of fact involved, it has to do with things that can be done, and how. It is regulatory of a rate or compensation for gas that can be legally charged. Question 3 is based upon the provisions of section 66 of the Transportation Corporations Law which forbids the imposition of any rate or renumeration that, either in form or substance, can be construed as rent on gas meters; it reads as follows: " No gas light corporation in this State shall charge or collect rent on its gas meters, either in a direct or indirect manner, and any person, party or corporation violating this provision shall be liable to a penalty of fifty dollars for each offense, to be sued for and recovered in the corporate name of the city or village where the violation occurs, in any court having jurisdiction, and when collected to be paid into the treasury of such city or village and to constitute a part of the contingent or general fund thereof." I apprehend that the powers and jurisdiction of the Public Service Commission have been well defined and recognized, and the question here is did the Commission, in permitting this service charge, offend against a provision of the law which expressly limits or takes away a portion of the powers it would otherwise have, if such limitation did not exist? Section 62 of the Transportation Corporations Law and section 67 of the Public Service Commissions Law provide that the gas company shall furnish and maintain all facilities for the delivery of gas to the consumer's premises and ready to light when needed. The plaintiff contends that the accruing revenue to the gas company designated as a service charge in the order of the Public Service Commission is in essence and effect a rent upon the meter supplying the consumer and that to call it a consumer charge instead of a meter charge is a distinction without a difference. Our attention is called to but one case in the Appellate Division or Court of Appeals which treats of a similar charge in relation to section 66 of the Transportation Corporations Law. Section 66 aforesaid is derived from former section 69.* The case referred to above is *City of Buffalo* v. *Buffalo Gas Co.* (81 App. Div. 505). The charge was designated by the gas company as a " minimum gas or service bill;" the evidence shows that the size of the bill rendered was in proportion to the varying size of the meters used by the consumers. This was strong evidence tending to show that the use of the meter was involved in the charge, and fully justified the holding had that the charge was for meter use. That decision was in 1903 and so far as it appears to aid the defendant gas company here, such aid if any is found in this paragraph of the opinion

---

* See Gen. Laws, chap. 40 (Laws of 1890, chap. 566), § 69; Consol. Laws, chap. 63 (Laws of 1909, chap. 219), § 66.— [REP.

(p. 507): " Assuming simply for the sake of the argument, but not deciding, that the appellant might make such a charge for general cost of conducting business with a customer who did not take sufficient gas to pay his share of such expense, we think as indicated that the evidence authorized the court to find against this theory and in favor of the one advanced by the plaintiff." The tendency of the times is that the product furnished or service rendered shall be charged for at such prices as will pay all legitimate expenses and a fair and reasonable return for capital invested. Other conceptions for bringing about this result are looked upon with disfavor and regarded with suspicion. The public utility companies and corporations would not adopt these new conceptions unless they were more beneficial to them than the straight charge. This defendant gas company sells its product at the gas jet or other port of entry within the consumer's premises; all outside of the premises connected with the gas business is the gas company's reservoir where its product is confined and ready for use. It sells this product at the port of entry. I see no reason for an exception in favor of the defendant gas company. From the bootblack chair, the peanut stand, to the Grand Central Station, all stand ready to serve the public and make no " ready to serve charge " therefor. All expect and are permitted to charge enough for the service or product to meet repairs, depreciation, maintainence and a fair and reasonable return on the capital invested. The defendant gas company has the same right. It is suggested that if it was intended to prohibit a service charge, such as under consideration here, the Legislature would have so specified and by name. It appears that after the instance considered in 81 Appellate Division (*supra*), the more universal application of this theory is of comparatively recent innovation. Without particularly mentioning the term " service charge," what more adaptable phrase could be found than the one used, " either in a direct- or indirect manner." That this charge is connected with and dependent upon the installment and use of a meter will clearly appear when the following question is asked and answered: " What would happen if a consumer refused to pay the service charge? Ans. His meter would be taken out and his premises disconnected." I do not mean to hold that a service charge and a consumer's rate for gas could not be worked out that would be just and equitable to all parties and reduce the rate. That question, as I view it, is not here; in the face of section 66 of the Transportation Corporations Law it cannot be done, and for the same reason the order here involved cannot be upheld. The service charge is violative of said section 66 and the order of the Public Service Commission, Second District, of New York, cannot make it valid. Woodward, J., concurs.