TOWN OF NORTH HEMPSTEAD, Appellant, v. PUBLIC SERVICE
CORPORATION OF LONG ISLAND, Respondent.    (Action No. 6.)

Second Department, December 23, 1921.

Gas and electricity — action to restrain gas company from making
service charge — injunction pendente lite properly denied where
Public Service Commission had authorized particular charge —
decision of Public Service Commission cannot be attacked
collaterally.

In an action to restrain the defendant, a gas company, from making a
"service charge" on the ground that it constituted a violation of section
66 of the Transportation Corporations Law prohibiting a rental charge
for meters, either directly or indirectly, an injunction pendente lite was
properly denied, where it appears that the Public Service Commission
had authorized the charge after deciding that it did not constitute a
rental in violation of the statute.

The decision of the Public Service Commission cannot be attacked collaterally
unless its order was without the scope of its jurisdiction, and it cannot
be said as a matter of law, without evidence of the identity of the two
charges, that the service charge is equivalent to a meter rental.

PUTNAM and KELLY, JJ., dissent.

APPEAL by the plaintiff, Town of North Hempstead, from
an order of the Supreme Court, made at the Kings Special
Term and entered in the office of the clerk of the county of
Nassau on the 19th day of October, 1921, denying its motion
for an injunction pendente lite.

James L. Dowsey [Erastus J. Parsons with him on the brief],
for the appellant.

Henry MacDonald [E. Lyndsey Bourke with him on the brief],
for the respondent.

Harry Hertzoff [John P. O'Brien, Corporation Counsel, and
James A. Donnelly with him on the brief], for the City of
New York, as amicus curiæ.

John Holley Clark, Jr., for the Flushing United Association,
as amicus curiæ.

BLACKMAR, P. J.:

The court at Special Term denied a motion for an injunction
pendente lite. The plaintiff sought the injunction to restrain

the defendant gas company from making a " service charge." This service charge had been authorized by a decision of the Public Service Commission, which has general jurisdiction over the matter of rates and charges of gas companies.* There exists, however, in the Transportation Corporations Law a provision (§ 66) prohibiting any gas light company from charging or collecting any rent on its gas meters, either in a direct or an indirect manner. The plaintiff claims that the service charge is indirectly a rental upon gas meters and that, therefore, the Public Service Commission had no jurisdiction to authorize the defendant to make it. It appears in the record* that in the computation of the service charge and the statement of the elements that enter into it, the Public Service Commission excluded interest and depreciation on meters, on the ground that that might be construed as an illegal charge for " meter rental." It, therefore, appears that the Public Service Commission decided as a fact that the service charge was not, directly or indirectly, a charge for the rental of the meters. The decision of the Public Service Commission is subject to review by certiorari, in which the record of the evidence taken before the Commission can be brought before the court. Its decision cannot be attacked collaterally, as is done in this case, unless its order was without the scope of its jurisdiction. We cannot say as a matter of law that a service charge is equivalent to an exaction of meter rental either in a direct or an indirect manner. The Public Service Commission has decided as a question of fact that it is not, and we think its decision is not subject to collateral review.

We do not regard the recent decision of the Third Department in *City of Rochester* v. *Rochester Gas & Electric Corp.* (198 App. Div. 973) as an authority for granting an injunction *pendente lite,* for in that case the question was voluntarily submitted to the court upon an agreed statement of facts by the parties in interest, namely, city of Rochester, the Rochester Gas and Electric Corporation and also the Public Service Commission of the State; whereas the question before us is whether we can say, without evidence of the identity of the

* See *Matter of Public Service Corporation of Long Island* (25 State Dept. Rep. 649, 658).— [REP.

two charges, that the service charge is equivalent to a meter rental. Certainly the case is not so clear as to warrant an injunction *pendente lite* or to justify us in reversing an order made in the exercise· of the power of the court at Special Term which involved an element of discretion.

The order should be affirmed, with ten dollars costs and disbursements.

MILLS and RICH, JJ., concur; PUTNAM and KELLY, JJ., vote to reverse on authority of *City of Rochester* v. *Rochester Gas & Electric Corp.* (198 App. Div. 973).

Order affirmed, with ten dollars costs and disbursements.