NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent, *v.* MORTON C. GRIFFIN, Appellant.

Second Department, June 29, 1922.

Corporations — transportation corporations — action in equity to restrain operation of bus line — consent by municipality given without proper notice of hearing under Railroad Law, § 172, not valid — operator of bus line cannot receive certificate of convenience and necessity from Public Service Commission without first obtaining consent of local authorities — operator enjoined at suit of competing transportation line though municipalities do not object.

A consent given by the common council of a city under section 26 of the Transportation Corporations Law, for the operation of a bus line, is irregular and void, where the notice of hearing prescribed by section 172 of the Railroad Law was not given.

The operator of a motor bus line between a city and a village, and within the limits of both, cannot receive a certificate of convenience and necessity from the Public Service Commission without first obtaining a valid consent from the local authorities of both the city and the village as required by section 26 of the Transportation Corporations Law.

Accordingly, the operation of a motor bus line will be restrained in an action in equity brought by a railroad operating a transportation line between the same points, though neither the city nor the village object to the operation of the motor bus line.

KELLY, J., dissents, with opinion.

APPEAL by the defendant, Morton C. Griffin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 8th day of April, 1922, upon the decision of the court rendered after a trial at the Orange Trial Term without a jury.

*Abram F. Servin*, for the appellant.

*Elbert N. Oakes*, for the respondent.

PER CURIAM:

We are of opinion that the action of the common council of the city of Middletown was irregular in that the notice prescribed

by the statute was not given. Section 26 of the Transportation Corporations Law* provides in effect that unless the operators of the bus line shall obtain the consent of the municipal authorities, they are not competent to receive a certificate of convenience and necessity. We do not doubt that the Public Service Commission had power to grant such certificate, but as defendant had no power to receive it, as to him the situation is the same as if the certificate had never been issued. The village of Liberty having been brought under the operation of section 26 of the Transportation Corporations Law, no consent has been obtained by defendant for the operation of the bus line in said village. The injunction order is limited to the operation of the bus line in the city of Middletown and the village of Liberty. The judgment should be affirmed, with costs.

BLACKMAR, P. J., RICH, JAYCOX and YOUNG, JJ., concur; KELLY, J., dissents and reads for reversal.

KELLY, J. (dissenting):

I dissent. I think the plaintiff has no status to maintain this action in equity. The validity of the consent granted by the local authorities of Middletown to the operation of defendant's bus line was passed upon, properly, by the Public Service Commission upon defendant's application for a certificate of public convenience and necessity. (*Matter of Kings, Queens & Suffolk R. R. Co.*, 6 App. Div. 241.) The plaintiff was a party to that proceeding and was heard before the Commission in opposition to the application; the order of the Commission cannot be attacked collaterally in this equity action. (*Town of North Hempstead* v. *Public Service Corporation, No. 6,* 199 App. Div. 189.) I am also of opinion that it was within the power of the common council of Middletown to prescribe the method and time of publication of notice of hearing defendant's application for consent to operate a bus line in the city limits (Transp. Corp. Law, § 26, added by Laws of 1915, chap. 667, as amd. by Laws of 1919, chap. 307) and that the provisions of the Railroad Law (§ 172) concerning publication of notice have no application. This section 172 is derived from section 92 of the former Railroad Law (Gen. Laws, chap. 39 [Laws of 1890, chap. 565], as amd. by Laws of 1893, chap. 434), and does not relate to the operation of bus lines. At the time of defendant's application to the Public Service Commission for a certificate of convenience and necessity the village of Liberty had not resolved to come within the provisions of section 26 of the Transportation Corporations Law. When after the close

---

* Added by Laws of 1915, chap. 667, as amd. by Laws of 1919, chap. 307.—[REP.

of the hearing and pending decision by the Commission the village so resolved, its rights were fully protected by the Commission in the order. And the village is not objecting to defendant's bus line. Nor is the city of Middletown objecting. I think the plaintiff railroad company having appeared before the Public Service Commission on defendant's application for a certificate of public convenience and necessity and having been then heard, if dissatisfied with the result must review the determination of that body by certiorari and cannot maintain this equity action. I think the judgment should be reversed and the complaint dismissed.

Judgment affirmed, with costs.