[Nos. 19182, 19183, 19333.   Department Two.   August 21, 1925.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v.
YAKIMA-NORTHERN STAGES, INCORPORATED, *Appellant.*

NORTHERN PACIFIC RAILWAY COMPANY, *Relator and·
Cross-Appellant,* v. YAKIMA-NORTHERN STAGES,
INCORPORATED, *Appellant and Cross-Respondent.*

NORTHERN PACIFIC RAILWAY COMPANY, *Relator and
Appellant,* v. THE DEPARTMENT OF PUBLIC WORKS
*et al., Respondents.*[1]

CARRIERS (3-3)—REGULATION—CERTIFICATE OF .PUBLIC NECESSITY—
REMEDIES—INJUNCTION AGAINST UNLAWFUL USE. A certificate of
public convenience and necessity, granting the right to operate
stages between two cities over the only route then in existence,
does not authorize service over an entirely new route subsequently
opened for travel; and injunction will issue against such an at-
tempted service, at the suit of a railway company having an interest
in enjoining such unlawful use of the way.

SAME (3-3)—REMEDIES—AMENDMENT OF CERTIFICATE—EFFECT OF
FINDING. A certificate of public convenience and necessity, granting
the right to operate stages between two cities over the only route
then in existence, cannot be amended so as to authorize service over
an entirely new route subsequently opened up for travel, in the
absence of any finding of public convenience and necessity for a
stage permit over the new route.

APPEAL (425)—REVIEW—HARMLESS ERROR—SUBSTANTIAL RIGHTS.
In an action to enjoin unlawful stage service, error in refusing to
allow the plaintiff damages will not require a reversal, where the
record did not justify anything more than nominal damages.

Cross-appeals from orders and a judgment of the
superior court of Thurston county, Wilson, J., and
Yakima county, Hawkins, J., entered November 3,
1924, January 2, 1925, and January 31, 1925, from
orders of the superior court for Yakima county grant-
ing injunctive relief and from an order of the superior
court for Thurston county, affirming the allowance of

[1]Reported in 238 Pac. 905.

an amendment to a certificate of public convenience and necessity, entered upon findings after trial on the merits to the court, in actions consolidated on appeal. Affirmed as to the judgments of the superior court for Yakima county, and reversed as to the judgment of the superior court for Thurston county.

*Cleland & Clifford* and *Lee C. Delle,* for appellant.

*Geo. T. Reid* and *L. B. daPonte,* for cross-appellant and respondent Northern Pacific Railway Co.

*The Attorney General* and *H. C. Brodie, Assistant,* for respondents Department of Public Works *et al.*

FULLERTON, J.—In the early part of the year 1922, one J. J. Burns petitioned the department of public works for a certificate of public convenience and necessity authorizing him to "furnish passenger and express service" by means of motor propelled vehicles between the cities of Yakima and Ellensburg. At the time of the filing of the petition, there was only one available public highway between the cities named. This, after leaving the city of Yakima, passed through the Wenas valley and from thence over some rather high and rugged hills to the city of Ellensburg, the road being commonly known as the Wenas valley road. The petition proper, as we have indicated, did not describe the route over which the proposed service was to be rendered. Accompanying the petition, however, was a map, a description of the route, and a time schedule, and these show that the service was to be rendered over the highway mentioned.

The department ordered a hearing on the petition, which was afterwards held, and at which evidence was taken as to the necessity for the service. At the conclusion of the hearing, the department made the following finding:

"We find that a necessity has been shown for a daily service by means of motor propelled vehicles between Yakima and Ellensburg, and that such service would be of great convenience to the public, especially with reference to the Wenas valley and other intermediate territory, at least during certain seasons of the year."

It thereupon entered an order directing a certificate to be issued to the applicant on his complying with certain conditions specified in the order. This order was dated May 15, 1922. Later, on June 2, 1922, the department entered a second order rescinding its prior order and denying the application for the certificate, basing the order on the ground that the applicant had not complied with the conditions imposed. On June 7, 1922, the department entered a third order setting aside the second order and reinstating the first, basing this order on the ground that the second order "was issued in error." In this order it also approved a new time schedule filed by the applicant. This schedule called for one round trip each day of the week except Sunday, leaving Yakima in the morning and returning in the afternoon. In it, also, were prescribed the times of arrival at and departure from certain named intermediate stations, all of which were on the route of the highway above mentioned. A certificate of convenience and necessity was issued to the applicant bearing date as of the following day. It authorized the applicant, " . . . to furnish passenger and express service, by means of motor propelled vehicles, between Yakima, Washington, and Ellensburg, Washington, in accordance with the time schedule and tariff of rates on file with the department of public works of Washington."

The certificate and the rights acquired thereunder, by mesne assignments, were transferred to and are now the property of the defendant, Yakima-Northern Stages, Inc.

In the early part of October, 1924, the state completed and opened for public travel a new highway between the cities of Yakima and Ellensburg, known as the Canyon road. This road follows the canyon of the Yakima river. It was of entirely new construction, and at no place is it coincident with the Wenas valley road. At the greatest distance it is some twelve miles therefrom, and approaches the Wenas valley road only as it approaches the city limits of the cities named. On October 4, 1924, defendant, Yakima-Northern Stages, Inc., filed with the department what it denominated a supplement to its time schedule then in force. In this supplement it provided for a service by motor propelled vehicles over the new highway, announcing in an explanatory note attached to the schedule that it did not affect ''the time of arrival or departure of any motor vehicle at or from any station or stopping place on the route from Yakima to Ellensburg via Selah and Coffins ranch'' on the Wenas valley road, nor effect a reduction in the number of motor vehicles operating over that road in passenger service. Before its schedule was approved or acted on by the department, it began operating passenger stages in accordance with the time schedule so filed.

On October 14, 1924, the plaintiff, Northern Pacific Railway Company, began an action in the superior court of Yakima county against the defendant stage company to enjoin its operation over the new highway. The plaintiff sought and obtained a temporary injunction against the operation, and later on a permanent injunction to that effect, operative until the department of public works should grant the stage company authority to operate its stages over that highway. The preliminary injunction was obtained on November 3, 1924, and the permanent injunction on January 31, 1925.

On October 31, 1924, the Yakima-Northern Stages, Inc., applied to the department for an amendment to its certificate so as to permit it to furnish additional passenger and express service by motor propelled vehicles between the cities named over the new state road. The application set forth that the Wenas valley road theretofore used by the respondent had become impassable for motor vehicles because of recent storms and would probably remain so indefinitely. It asked for an emergency order, permitting service over the new road at once, and for leave to abandon its service over the Wenas valley road. By an order entered on November 3, 1924, the first of these requests was denied until a hearing could be had thereon, and the second granted at the election of the applicant. Subsequently a hearing was had on the application to amend the certificate, at which testimony was taken on the question of the necessity for the additional service. The department, however, did not make a specific finding that there was a public convenience and necessity for passenger service by motor propelled vehicles over the new highway, but found:

"The demands of public convenience and necessity for auto transportation between Yakima and Ellensburg have not been lessened by the completion of the new highway, neither have they been materially increased."

And further:

"Assuming that we have the legal right to retry the question of public convenience and necessity, we cannot find in the record that public convenience and necessity have ceased to exist."

On these findings, it entered an order directing that the certificate issued to the defendant be amended so as,

" . . . to authorize the furnishing of passenger and express service by means of motor propelled vehicles between Yakima and Ellensburg . . . subject to the rendition of a local service over the Wenas valley road as may be found to be reasonably necessary on complaint of any person or persons affected."

The defendant, Yakima-Northern Stages, Inc., appealed from the order granting the temporary injunction at the time it was issued, and also appealed from the final judgment entered in the cause. The plaintiff railway company appealed from the final judgment in the injunction proceeding because of the refusal of the court to allow it damages. From the order of the department allowing an amendment to the certificate of public convenience and necessity issued to the defendant, the railway company sued out a writ of review to the superior court of Thurston county, in which court the order was affirmed. From the judgment of affirmance, it appeals to this court. These several appeals were separately perfected, but were consolidated in this court for the convenience of argument.

Noticing first the appeal of the defendant, Yakima-Northern Stages, Inc., from the order granting the preliminary injunction, it is at once apparent that the validity of the order depends upon the question whether the appellant named had legal authority at that time to operate motor propelled vehicles, conveying passengers and express for hire, over the then recently opened highway. The statute governing the authority to grant the right and the procedure to obtain it (Laws of 1921, ch. 111, p. 338) [Rem. Comp. Stat., § 6387] is so far familiar as not to require a detail of its provisions at this place. It is sufficient to say that the power to grant the right is vested in the department of public works. That body, when an application is made to it for authority to operate the vehicles mentioned for

the purposes stated over a public highway, is given power to inquire into the necessities for such operation—power to inquire whether the interests of the public will be thereby promoted. The statute, furthermore, makes it the duty of the board so to inquire. It may not grant the authority as it wills. When an application is made to it for authority to so operate, it is its duty to inquire whether public interests require such operation and its duty to grant or deny the authority as it finds the fact exists, and its orders are subject to review by the courts.

Turning to the immediate question, it would seem that there could hardly be a pretense that the appellant had authority to operate its carriers over this particular highway at the time the preliminary injunction was granted. It then possessed only the original grant of authority. This authority was based on an application asking leave to operate over another and entirely different highway. In it, no mention is made of the new highway. Nor does the order of the department make reference to the new highway. While it is found generally that a necessity has been shown for a daily service by motor propelled vehicles between the cities named, this finding is limited by the qualification that it has special reference to the Wenas valley and other immediate territory, showing, we think, that the paramount consideration for granting the authority was the convenience the service would render to the public living upon the highway, rather than the public living within the cities at the terminals of the highway.

But, if the order had been entirely general, we cannot concede that it would authorize the appellant to operate on the new highway. It may be conceded that, where the public authorities make changes in an existing highway for the purpose of shortening distances, avoiding curves or excessive grades, or for the purposes of

general improvement, leaving but one continuous highway, a person having authority to operate motor propelled vehicles over the highway may adopt these changes without special leave of the department. But the construction here was not of this sort. It was not a change in the existing highway. It was entirely new construction. Its effect was to provide two highways between the cities named, whereas before there was only one. A certificate of convenience and necessity to operate over the one of these cannot, therefore, be a certificate to operate over the other. It may be that the public convenience will not be subserved by operation over the new highway. At any rate, this was not a question which the appellant was empowered to determine for itself. If it desired to operate over the new highway, its duty was to apply to the department of public works for authority so to do, and it could lawfully operate only after it obtained such authority.

Since the appellant was acting without lawful authority, and since the railway company had such an interest in the subject matter of its action as to authorize it to have its action enjoined, if unlawful, we conclude that there was no error in the order granting the preliminary injunction.

In the appeal from the final judgment of injunction, a consideration in addition to the matters above considered is presented. Between the time of the entry of the preliminary decree and the time the injunction proceedings came on for hearing for final determination, the appellant, Yakima-Northern Stages, Inc., sought and obtained from the department of public works the order which is the subject of review on the appeal of the railway company from the decree of the court of Thurston county. This order was put in evidence at the final hearing; and if it is to be construed as authorizing the appellant to operate its stages over

the new highway, the final decree in the injunction pro-
ceeding is erroneous. The nature of this order we
have hereinbefore indicated. It will be observed there-
from that the appellant did not apply for a new cer-
tificate of convenience and necessity authorizing it to
operate its stages over the new route; but sought,
rather, to amend its old one, so as to make it include
the new route. It will be observed, further, that the
department did not make a specific finding to the effect
that public convenience and necessity required the
operation of stages over the new route, but construed
their former finding to be a general finding that public
convenience and necessity required the operation of
such stages between the terminal points of the route;
and further found that this necessity had not been
lessened or materially increased by the completion of
the new highway, and based their order granting the
certificate on these considerations. The method of pro-
cedure, except in so far as it may aid in the interpreta-
tion of the order made, is, of course, not important.
Nor is it important that the department may follow
a roundabout way in reaching its conclusions. In the
present instance, if it can be discovered from the record
it made that the department found that public con-
venience and necessity requires the operation of motor
propelled vehicles carrying passengers and express for
hire over this new highway, the certificate it issued
has a basis upon which it can rest. But read these
findings as we may, we are unable to reach the conclu-
sion that any such finding was made. As we view it,
the department purposely avoided making such a find-
ing. It proceeded on the theory that the new highway
was but a change in an existing highway; that it had,
on a former hearing, found that public convenience and
necessity required the operation of motor vehicles over
the existing highway; and hence there was no necessity

or justification for a further finding. But, as we have hereinbefore pointed out, this theory is, in our opinion, unsound. The new highway is without relation to the old one—and there should have been a finding that public convenience and necessity required the operation of motor propelled vehicles over it, if the certificate is to be held valid. It follows that the trial court was not in error in its final judgment.

The conclusions reached on the foregoing appeals determine the appeal of the railway company from the judgment of the superior court of Thurston county. Since we hold that there was not a sufficient finding on which to base the order granting a certificate of convenience and necessity to operate motor propelled vehicles over the new highway, it follows that the railway company is entitled to have the order reversed and the certificate cancelled.

There remains the appeal of the railway company from the judgment of the trial court refusing to allow it damages. But we find no evidence in the record justifying a recovery of anything more than nominal damages, and, as no question of right is involved, the justice of the cause does not require a reversal for the mere purpose of allowing a recovery of this sort.

The judgments from the superior court of Yakima county, granting injunctive relief, and refusing to allow a recovery in damages, must be affirmed. The judgment of the superior court of Thurston county must be reversed, and the cause in which the appeal is taken remanded to that court, with instructions to enter a judgment setting aside the order of the department of public works, with such further orders as are meet in the premises. It is so ordered.

TOLMAN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.