**SUNSET EXPRESS, Inc., v. GULF, C. & S. F. RY. CO. et al.**

No. 14268.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 19, 1941.

Rehearing Denied Oct. 24, 1941.

B. A. Carter and Penrose B. Metcalfe, both of San Angelo, and A. M. Felts, of Austin, for appellant.

Rawlings & Sayers and Nelson Scurlock, all of Fort Worth, for appellees (interveners) W. A. Johnson, d.b.a. Johnson Motor Lines, Merchants Fast Motor Lines, Inc.

Terry, Cavin & Mills, of Galveston, Baker, Botts, Andrews & Wharton, of Houston, R. S. Shapard and C. C. Huff, both of Dallas, Thompson & Barwise, of Fort Worth, Andrews, Kelley, Kurth & Campbell, of Houston, Albert G. Walker, of Austin, Ralph W. Currie, of Dallas, and Herbert L. Smith, of Austin, for appellees.

McDONALD, Chief Justice.

In 1939, C. D. Sanders and W. P. Jones obtained a certificate of convenience and necessity from the Railroad Commission, authorizing them to operate a motor common carrier service from Dallas and Fort Worth to Brady and Mason, the authority granted, in the words of the certificate, being as follows:

"To operate a motor carrier company over the following public highways of Texas * * * from Dallas to Fort Worth via highways 114 and 121; thence from Fort Worth to Brady via State Highway No. 10 to Brownwood and State Highway No. 23 from Brownwood to Brady and from Brady to Mason via State Highway No. 9; operating with closed doors from Fort Worth to Brady and serving only the points of Brady and Mason on freight out of Fort Worth and Dallas, using in said operation three trucks."

This certificate was transferred to defendant, Sunset Express, Inc., to whom was issued a certificate containing the same authority as that granted to Sanders and Jones.

It is stipulated by the parties that the defendant, Sunset Express, Inc., is soliciting freight in Dallas and Fort Worth in less than truck loads, and in semi-trailer loads, and is transporting said freight to Brady,

Texas, where it is interchanged with the Sunset Motor Lines, Inc., another concern, to be hauled to points beyond Brady and Mason. It is also stipulated that in cases where an entire trailer load of freight has been gathered in Dallas and Fort Worth for shipment to points beyond Brady, the trailer itself is interchanged at Brady and is handled by the Sunset Motor Lines to the points beyond Brady.

The plaintiffs, who are competing railroads, and interveners, who are competing motor common carriers, brought this suit in the District Court of Tarrant County for the purpose of, and obtained a judgment, perpetually enjoining the defendant "from transporting property for hire by motor vehicle over the public highways of this State * * * except the transportation for hire of freight out of Dallas and Fort Worth, destined to Brady or Mason * * *."

The defendant has appealed, contending, (1) that the District Court of Tarrant County had no jurisdiction to entertain the suit because the exact controversy was then pending before the Railroad Commission, (2) that plaintiffs and interveners had an adequate remedy at law, in that they could have applied to the Railroad Commission for relief, the defendant further contending in this respect that the Railroad Commission had exclusive jurisdiction in such case, (3) that plaintiffs and interveners show no justiciable interest because their pleadings fail to show whether the freight hauled is intrastate or interstate shipments, (4) that the record fails to show any restriction prohibiting defendant from interchanging freight with connecting carriers at its termini.

Defendant's contentions will be discussed in the order named.

The jurisdiction, authority and functions of the Railroad Commission, with respect to motor common carriers, have been fully discussed in the decisions of the courts of this State, some of which are cited herein. We are referred, of course, to the provisions of the Statutes commonly designated as Art. 911b, Vernon's Annotated Civil Statutes, governing motor common carriers.

We do not consider that this controversy was pending before the Railroad Commission, at the time this suit was filed, in such way as would oust the jurisdiction of the District Court of Tarrant County. The facts are that in February, 1940, Walton D. Hood, as Law Enforcement Officer and Chief of Inspectors of the Railroad Commission, filed with the Commission a motion requesting the Commission to construe the certificate in question to determine whether the defendant had authority to transport freight consigned to points beyond its termini, Brady and Mason. This motion was dismissed by the Railroad Commission, apparently for want of prosecution by any one, on September 10, 1940. Defendant Sunset Express, Inc., filed with the Commission a motion praying for a reconsideration of the order of dismissal, the effect of which was to ask the Commission to determine whether defendant had authority, by interchanging freight with connecting carriers, to transport freight consigned to points beyond Brady and Mason. This motion was filed on September 28th, and on the same day the Commission entered an order reciting that it appeared to the Commission that it should give consideration to the matters contained in the motions of Hood and of the defendant, and that the Commission "retains and will continue to retain jurisdiction of the subject matter of said motions, and of the order of September 10th, 1940, until such time as the Commission can give further consideration to said order and to the motion filed by Sunset Motor Lines and Sunset Express, and the Commission expressly retains jurisdiction of all of said matters until further orders of the Commission."

The record before us fails to show that any motion was filed by Sunset Motor Lines, further than the reference to such a motion, which has just been recited.

The record contains a copy, agreed to be correct, of the rule of the Railroad Commission providing that motions for new trials shall be filed within 20 days.

The suit on appeal was filed on September 16, 1940.

Appellant vigorously insists that by reason of the matters just mentioned, the exact controversy involved in this suit was pending before the Railroad Commission, and was undisposed of, at the time this suit was brought and at the time judgment was rendered in the District Court of Tarrant County. Appellant appears particularly to rely upon Sect. 20 of Art. 911b, which provides that appeals from orders of the Railroad Commission may be taken only to the District Court of Travis County, and upon such court decisions as West Texas Compress & Warehouse Co. v. Panhandle & S. F. Ry. Co., Tex.Com.App., 15 S.W.2d

558; Shupee v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505; Railroad Commission of Texas v. Brown Express, Tex.Civ.App., 106 S.W.2d 327; Sunset Truck Lines v. Railroad Commission of Texas, Tex.Civ.App., 134 S.W.2d 373; and other cases which are cited in the decisions just mentioned.

But, in our opinion, none of the cases relied upon by appellant is in point here.

While it is true that the interpretation officially placed on an order or rule by the Commission becomes a part of the rule, West Texas Compress & Warehouse Co. v. Panhandle & S. W. Ry. Co., Tex.Com.App., 15 S.W.2d 558, it is our opinion that such a situation is not presented in the case on appeal. The Railroad Commission does not sit as a court, to construe the effect of final orders theretofore issued by the Commission. The rights of all parties in the present suit are fixed by the terms of the certificate of convenience and necessity, along with, perhaps, such general rules and orders of the Commission as may be applicable to certificates of this type. A hearing on the motion of Walton Hood and on the motion for rehearing filed by defendant, could not serve to enlarge the authority granted under the certificate of convenience and necessity. An enlargement of such authority would have to be based upon another hearing of convenience and necessity. Railroad Commission v. Red Arrow Freight Lines, Tex.Civ.App., 96 S.W.2d 735; Magnolia Petroleum Co. v. Railroad Commission, 128 Tex. 189, 96 S.W.2d 273; Railroad Commission v. Johnson, Tex.Civ. App., 104 S.W.2d 146; Sproles Motor Freight Lines, Inc. v. Smith, Tex.Civ.App., 130 S.W.2d 1087.

An interpretation by the Railroad Commission of the meaning of the certificate, in a hearing on the motions mentioned, might be persuasive to some degree, but would not be binding upon the courts. Our opinion is that the acts of the parties in soliciting a legal opinion from the Railroad Commission on the extent of authority granted under the permit would have no more effect upon ousting the jurisdiction of the District Court of Tarrant County than would the solicitation of a legal opinion from any other source.

The suit on appeal is not an attack upon, nor an appeal from, any act, order or ruling of the Railroad Commission. It is brought to prevent the further violation of a final order of the Commission. It is in the same category as would be a suit to enjoin one from operating without any permit from the Commission.

In connection with the contention of defendant which has just been discussed, as well as the contention that plaintiffs and interveners had no right to resort to a court of equity because they had a clear and adequate remedy at law, we consider that plaintiffs and interveners were entitled to resort to a court of equity to restrain defendant from operating in excess of the authority granted under its certificate. New York, N. H. & H. R. Ry. Co. v. Deister, 253 Mass. 178, 148 N.E. 590; New York, O. & W. Ry. Co. v. Griffin, 201 App. Div. 733, 195 N.Y.S. 112; Northern Pacific Ry. Co. v. Yakima-Northern Stages, 135 Wash. 595, 238 P. 905; Northern Pacific Ry. Co. v. Bennett, 83 Mont. 483, 272 P. 987; Tugwell v. Eagle Pass Ferry Co., 74 Tex. 480, 492, 9 S.W. 120, 13 S.W. 654; Lindsley v. Dallas Consol. St. Ry. Co., Tex.Civ.App., 200 S.W. 207; Woolf v. Del Rio Motor Transp. Co., Tex.Civ.App., 27 S.W.2d 874, 875; Illinois Central Ry. Co. v. Railroad Comm. of Kentucky, D.C., 1 F.2d 805; Railroad Comm. et al. v. Red Arrow Freight Lines, Inc., et al., Tex.Civ.App., 96 S.W.2d 735.

By proposition and assignment, although it has not briefed the point, appellant contends that plaintiffs and interveners failed to show a justiciable interest in the controversy in that their pleadings do not show whether the freight being hauled by defendant was interstate or intrastate shipments.

We do not consider this point well taken. We fail to find anything in the record showing that interstate shipments are involved in any way in this cause.

The contention of the appellant designated by us as No. (4), that is, that the record fails to show any restriction upon the right of appellant to connect with other carriers at its termini, has given us a considerable degree of concern. In a stipulation of the parties, contained in the statement of facts, there appears the following recital: "It is stipulated by and between the parties that where the Railroad Commission of Texas issues general certificates without any restrictions, that the Railroad Commission for nine years has construed that the common carrier motor carriers owning such certificates have the right to interchange freight."

■ Appellant contends upon this appeal that it has the type of certificate contemplated by the stipulation, that is, a "general certificate without any restrictions". Appellees, on the other hand, contend that the certificate held by appellant is not a general certificate without any restrictions. The record fails to show, by quotation from the rules of the Railroad Commission, or otherwise, what was meant by the expression, "general certificate without any restrictions". We are not able to ascertain from a study of the provisions of Art. 911b precisely what the parties may have intended by the use of this expression. Appellant contends, most earnestly, that its certificate contains no restriction against interchanging freight with other carriers at its termini. The record contains nothing to enlighten us as to the general rules and regulations of the Railroad Commission, if any, governing the matter of interchange of freight between connecting carriers. We take it that it is a matter of common knowledge that some common carriers, at least, do interchange freight with other carriers. We will presume that in no other way can some shipments of freight reach their destination from their points of origin.

The record before us shows that some of the plaintiffs and interveners handle freight destined for points beyond their termini, by interchanging freight with connecting carriers, but the terms of the certificates of convenience and necessity under which they operate are not shown in the record, it having been stipulated in effect that the operations of the plaintiffs and interveners are lawful.

■ We feel some reluctance in upholding the injunction which has, we believe, the effect of prohibiting defendant from interchanging freight with other carriers at its termini, but we are inclined to believe, and so hold, that upon the record before us the defendant has no authority to handle freight destined for any points except Brady and Mason.

The recitations of the order of the Commission, authorizing the issuance of the certificate, indicate that the only matters considered by the Commission were the local requirements of the points of Brady and Mason, and that no consideration was given to the necessity, if any, for authorizing defendant to handle any freight for any points beyond Brady and Mason. The order of the Commission recites that, "all authority requested in said application, if any, not hereinabove granted is hereby expressly denied." We are not able to find in the certificate, or in the order authorizing it, any ambiguity which would lead us to believe that the certificate might grant any authority in excess of that indicated by the language of the certificate. If there is a general rule or order of the Railroad Commission which could enlarge the authority expressly stated in the certificate, such rule or order is not shown in the record before us. The language of the certificate, and of the order authorizing it, indicates to us that the permit granted to defendant was restricted. Appellant was not authorized, in our opinion, to perform any and every act which might ordinarily be performed by a common carrier operating between Dallas and Fort Worth, at one end, and Brady and Mason, at the other, but, to quote the words of the certificate, was authorized to serve "only the points of Brady and Mason on freight out of Fort Worth and Dallas".

The injunction of the trial court prohibits only a violation of the terms of the certificate above mentioned, and does not purport to prohibit defendant from operating under any other certificate which it might now have or which it might later obtain. See Railroad Commission v. Universal Transport & Distributing Co., Tex.Civ.App., 86 S.W.2d 250.

■ To our minds, the record shows that defendant, by resorting to its claim of right to interchange freight with connecting carriers, has actually, in connection with the Sunset Motor Lines, instituted a through service from Dallas and Fort Worth to many points beyond Brady and Mason, in excess of the authority granted in this certificate. If the right to interchange freight, granted for the sake of argument that it exists, can be used by connecting carriers to institute a through service without authority from the Railroad Commission to do so, then the jurisdiction and authority of the Railroad Commission to regulate such matters will have been defeated. Even a casual study of the decisions of our courts with reference to the important matter of regulating motor carriers will demonstrate that the authority and jurisdiction of the Railroad Commission cannot, and ought not, be defeated in any such manner.

The Supreme Court of Ohio, in Pennsylvania Ry. Co. v. Public Utilities Commission of Ohio, 116 Ohio St. 80, 155 N.E. 694, has held that an application to convert a local service, operated under two separate certificates, into a through service, is in

effect an application for a certificate of convenience and necessity to operate a new route, it being in effect an application to change one of the termini of each of the existing certificates and to convert two separate routes into one. In Railroad Commission v. Red Arrow Freight Lines, Inc., 96 S.W.2d 735, writ of error refused, the Austin Court of Civil Appeals cites with approval the Ohio case just mentioned. As is said by the latter court, the two separate certificates were not designed originally to provide a direct through service. An even stronger case is presented here, where the certificates of the Sunset Express, Inc., and of Sunset Motor Lines, Inc., are separately owned. From the record in the case before us it is apparent that there has been no hearing of the Railroad Commission granting authority for, and no certificate issued permitting, the through service which has been instituted by the two concerns mentioned.

The judgment of the trial court is affirmed.