

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1950

Hon. W. J. Murray, Jr., Chairman
Railroad Commission of Texas
Austin, Texas          Opinion No. V-1053

Re: Validity of the Commis-
sion's order of February
8, 1950, entered in Motor
Carrier Docket No. 3658,
upon an application to
divide certificate No.
3079.

Dear Commissioner:

  The questions presented in your recent let-
ter relating to the validity of the Commission's order
entered February 8, 1950, denying an application to
divide common carrier motor carrier certificate No.
3079 have been carefully considered.

  A copy of the order in question was sub-
mitted with your request, and under the facts you ask:

  "1. Is the Commission's order of
February 8, 1950, entered in Docket No.
3658, a valid order?

  "2. Considering the terms of Cer-
tificate No. 3079, as well as the Commis-
sion's orders of 1940 upon which this
certificate is based, does the Railroad
Commission have legal authority to grant
the application of the receiver to divide
Certificate No. 3079 and sell its divided
portions to Southern Pacific and to Santa
Fe, and to grant the applications of
Southern Pacific and Santa Fe to buy such
portions (Dockets A-1211 and A-1212)?
(See paragraph 2 of Commission's order
dated February 8, 1950, for the language
of Certificate No. 3079, dated July 2,
1940.)

"3. If it be determined that the Railroad Commission has authority to grant the referenced application as prayed for, then what terms and phraseology should be employed in the Commission's orders accomplishing that purpose?

"4. If it be determined that the Commission has authority to grant the referenced applications as prayed for, then does the Railroad Commission have any authority in granting the applications to impose any restrictions (not presently existing in Certificate No. 3079) upon that portion of the certificate granted to Southern Pacific, or upon that portion of the certificate granted to Santa Fe?

" ....

"5. Would Airline Freight Lines, Inc., have the right to interchange freight at Rosenberg under the certificate dated July 2, 1940?"

The question of the Commission's authority to divide an existing certificate was before the Supreme Court of Texas in H. & N.T. Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78 (1942). Writing for the court, the late Chief Justice Alexander announced that the Commission has authority to authorize the division of a route covered by a certificate into two or more parts and approve the sale of less than the whole thereof and said:

"Since the division of an existing certificate into two parts is, in effect, the equivalent of the granting of two new certificates, and since two short routes might not adequately serve the public interests in the same manner as one through route over the same territory, it would seem that in order to authorize the division of the existing certificate into two parts and the sale of one of the parts, the Commission, after statutory notice to the public and all interested parties and a

public hearing, should find that the approval of the division of such certificate and sale of a part thereof will not impair the service to the public."

From this holding of the court it is clear to us that the power of the Commission to authorize the division of a certificate and approve the sale of portions thereof to different purchasers rests upon a finding of fact that such division and sale "will not impair the service to the public."

The law contemplates that the Commission shall be left free to finally determine contraverted issues of fact and its orders will not be set aside unless illegal, unreasonable or arbitrary, and orders supported by substantial evidence are not illegal or unreasonable. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939). It is not the province of the trial court to substitute its judgment for that of the Railroad Commission on contraverted issues of fact. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946).

The Commission had authority under Article 911b, V.C.S., to enter the order. H. & N.T. Motor Freight Lines v. Johnson, supra. Orders of the Commission made in the exercise of authority lawfully delegated to it are prima facie valid. Miller v. Tarry, 191 S.W.2d 501 (Tex. Civ. App. 1944, error ref. n.r.e.). The Commission's order of February 8, 1950, entered in Docket No. 3658, is valid on its face since the Commission had jurisdiction of the subject matter of the order and of the parties. Assuming, as we must, that the order is reasonably supported by substantial evidence, it is not arbitrary or unreasonable and is a valid, lawful order and should be sustained.

Since the Commission found that the division of the certificate and the sale of portions thereof would result in a decrease of service with respect to certain points on the route involved and an increase as to others, it is our opinion that the Commission is without power to authorize the division and approve the sale of portions of the certificate to different purchasers.

Any enlargement of authority would have to be based on a hearing and determination upon the question

or issue of convenience and necessity. Sunset Express v. Gulf C. & S.F. Ry., 154 S.W.2d 860, 862 (Tex. Civ. App. 1941, error ref., w.o.m.).

We therefore answer your first question in the affirmative and your second in the negative, and in view of our opinion in response to these questions, we do not deem it appropriate to answer your third and fourth questions.

While it is undoubted that common carrier motor carriers operating under certificates of convenience and necessity without restrictions have the right to and do interchange freight in daily operations, the rule is otherwise where a carrier's certificate contains restrictions and limits the service that may be rendered.

As we construe Certificate No. 3079, it is clearly one restricting the scope of operations that may be conducted under it. It does not authorize the performance of every act or service which might ordinarily be performed by a common carrier motor carrier operating between the termini. Rosenberg is not an unrestricted service point and the language of the certificate indicates no purpose on the part of the Commission to authorize the interchange of freight at that point. The contrary appears from the limited scope of authority evidenced by the certificate. Sunset Express v. Gulf C. & S.F. Ry., supra; Miller v. Tarry, supra.

It follows that our answer to your fifth question is a negative one.

## SUMMARY

The order of the Railroad Commission of February 8, 1950, entered in Docket No. 3658, is a valid order and the Commission is without authority to authorize division of the certificate. H. & N. T. Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78 (1942); Miller v. Tarry, 191 S.W.2d 501 (Tex. Civ. App. 1944, error ref. n.r.e.). Common carrier motor carrier certificate No. 3079 does not authorize interchange of freight at Rosenberg.

Hon. W. J. Murray, Jr., page 5   (V-1053)

> Sunset Express v. Gulf C. & S.F. Ry.,
> 154 S.W.2d 860, 862 (Tex. Civ. App.
> 1941, error ref. w.o.m.).

Very truly yours

APPROVED:

PRICE DANIEL
Attorney General

Charles D. Mathews
Executive Assistant

Price Daniel
Attorney General

By Everett Hutchinson

Everett Hutchinson

EH:db