**MISSOURI PACIFIC TRUCK LINES, INC.,**
**Appellant,**

v.

**BROWN EXPRESS, INC., et al., Appellees.**

**No. 16697.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1966.

Rehearing Denied Feb. 25, 1966.

Brown, Herman, Scott, Young & Dean, Fort Worth, Tom L. Farmer, Dallas, for appellant.

James, Robinson & Starnes, and Mert Starnes, Austin, for appellee Brown Express, Inc.

Rawlings, Sayers, Scurlock & Eidson, and Reagan Sayers, Fort Worth, Texas, for appellees Merchants Fast Motor Lines, Inc., and Red Arrow Freight Lines, Inc.

MASSEY, Chief Justice.

Brown Express, Inc., and other motor common carriers operating under the jurisdiction of the Railroad Commission of Texas by virtue of Certificates of Public Convenience and Necessity issued by said Commission brought suit as interested and affected competitors against Missouri Pacific Truck Lines, Inc., another motor carrier likewise operating upon the public highways of the State of Texas, under the terms of the Uniform Declaratory Judgments Act (Vernon's Ann.Tex.Civ.St. Art. 2524–1). They sought a construction of a certain Certificate of Public Convenience and Necessity issued to the defendant carrier, and in primary particular to declare the effectiveness of a certain restriction therein set forth. In addition and by invoking the court's equity authority, a writ of injunction was sought under a theory that the provisions of V.A.P.C. Art. 1690b, "Motor carriers, violation of orders, penalties", were being violated by the defendant, to the prejudice of plaintiffs, in that the defendant was engaging in certain transportation over state highways without authorization therefor under the requisite Certificate of Public Convenience and Necessity.

The judgment entered was in accord with the contentions of the plaintiffs in so far as it amounted to a declaratory judgment, and, in view of the findings and declarations thereof, the court furthermore permanently enjoined the defendant from "conducting or offering to conduct any character of operations as a common carrier motor carrier in intrastate commerce transporting intrastate freight originating at Waco or points south of Waco and

destined to Fort Worth, or transporting intrastate freight originating at Fort Worth and destined to Waco or points south of Waco under and by virtue of Certificate of Public Convenience and Necessity 3527, until such time as Missouri Pacific Truck Lines, Inc. acquires one or more additional certificates from the Railroad Commission of Texas authorizing it to do so, or until the said restriction in * * * 3527 is lawfully eliminated therefrom by a final and effective order of the Railroad Commission of Texas."

The restriction in Certificate of Public Convenience and Necessity 3527, to which reference was made in the order of injunction, from which we have quoted in the foregoing paragraph, recited: "THIS AUTHORITY does not authorize the transportation of freight originating in Fort Worth *and destined to* Waco or points south of Waco, nor does it authorize the transportation of freight originating at Waco or points south of Waco *and destined to* Fort Worth." (Emphasis supplied.)

The judgment of the trial court was full and complete, the most important finding and conclusion in which we believe to be embodied in the following language: "The last issuance of Certificate No. 3527 grants the defendant the right to operate over the routes designated therein, and to coordinate this authority with operations conducted by defendant under other certificates. However, other language of the Certificate excludes therefrom the authority to transport traffic to or from the points designated in the above described restriction. The defendant cannot by coordinating the authority granted in Certificate No. 3527 with other authority held by it defeat the express terms of the restriction." At another point the court found that the evidence supported the conclusion that the defendant had no other certificates authorizing intrastate operation between the points to which the restriction in the certificate had reference.

■ To lengthen this opinion in an analysis of the applications, procedures, and quasi-adjudications which took place before and by the Railroad Commission of Texas is not warranted. We are in complete accord with the conclusions of the trial court as to the meaning and effect of the same, and with its judgment that the restriction above quoted limited and inhibited the grant of authority to which it refers and of which it was a part.

That there existed jurisdiction to issue the declaratory judgment and to issue the injunction to enforce the same is not challenged. Sunset Express v. Gulf, C. & S. F. Ry. Co., 154 S.W.2d 860 (Fort Worth Civ. App., 1941, writ ref. w. o. m.); Alamo Express, Inc. v. Brown Express, 234 S.W.2d 62 (El Paso Civ.App., 1950, writ ref. n. r. e.). Plaintiffs' right to bring their suit is likewise unchallenged.

■ It is contended that the proof introduced under plaintiffs' theory of their right to injunctive relief was not supported by pleading and that the form of relief granted lacked support of pleading and evidence. Our view of the record has brought us to a contrary conclusion. The contentions made are overruled as being without merit.

■ On the issue of whether plaintiffs have discharged the burden, applicable to relief by way of injunction, of showing irreparable injury should such relief be denied them it is sufficient to note that injury to their business would be a necessary consequence of unlawful competition by the defendant, and that such injury is of necessity one which could not be ascertained with certainty. Their burden was discharged. Railroad Commission of Texas v. Red Arrow Freight Lines, 96 S.W.2d 735 (Austin Civ.App., 1936, error refused).

All points of error are severally overruled.

Judgment is affirmed.