## SUNSET TRUCK LINES, Inc., v. RAILROAD COMMISSION et al.

### No. 8824.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1939.

Robt. T. Neill, of San Angelo, for appellant.

Gerald C. Mann, Atty. Gen., and George W. Barcus, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

Henry H. Brooks, of Austin, for appellee, T. M. McCrary.

BAUGH, Justice.

Sunset Truck Lines, Inc., hereafter referred to as the Sunset, brought this suit in the District Court of Travis County, to set aside a certificate of convenience and necessity issued by the Railroad Commission to T. M. McCrary on October 5, 1937, authorizing him to operate trucks as a common carrier for hire over State Highway No. 17 from Marfa, Texas, to Pecos, Texas; thence over State Highway No. 1 to Odessa, Texas; and to serve all intermediate points on this route. Trial was to the court without a jury and at the close of plaintiff's evidence judgment rendered that Sunset take nothing; hence this appeal.

A statement of the history of the controversy, and of the proceedings before the Railroad Commission, will contribute to a better understanding of the issues presented on this appeal.

At the time McCrary made his first application to the Commission, Sunset held permits to operate trucks as common carriers from El Paso to Odessa over State Highway No. 1, except 15 miles between Pyote and Monahans. At Pyote its route left Highway No. 1 and went north via Wink and Kermit, returning to Highway

No. 1 at Monahans. McCrary held permits to operate out of El Paso over Highway No. 1 to Davis Mountain Filling Station; thence south via Balmorhea, Ft. Stockton, and McCamey over a different highway; and from McCamey back north to Highway No. 1 at Odessa,—a more circuitous route between El Paso and Odessa than the Sunset's route; and east of Davis Mountain Filling Station serving a different territory from that served by the Sunset.

McCrary's application was listed as an extension of his service as already authorized, so as to include Marfa, Ft. Davis, and Pecos, and from Pecos eastward over highway No. 1 to Odessa and intermediate points, covering the same route from Pecos to Odessa as that served by the Sunset. While listed as an extension of McCrary's existing service, it was in reality, and so considered by the Commission, an application for a new permit to operate from Marfa to Pecos over State Highway No. 17, thence over Highway No. 1 to Odessa. Three hearings were had by the Commission on McCrary's application. On February 15, 1937, there was entered on the Commission's docket the following notation: "Granted from Balmora to Pecos, Odessa & Intermediate points; Denied to Wink." This notation was initialed "T" and "S". These initials were shown to have been entered by Commissioners Thompson and Smith. Such docket entry made no mention of, nor reference to, the points Marfa and Ft. Davis, which were included in McCrary's application.

On February 16, 1937, McCrary began operation of trucks via Pecos over Highway No. 1 to Odessa. After six or seven days of such operation he was notified by the Railroad Commission that he was operating in violation of law; whereupon he discontinued such operation. Notwithstanding the above quoted docket entry, no findings of fact were made by the Commission as required in Sec. 12 of Art. 911b, R.C.S.1925, Vernon's Ann.Civ.St. art. 911b, § 12, and no certificate issued to McCrary. On the contrary, after notifying McCrary that his operations under such docket entry were in violation of law, and so far as the record discloses, the Commission, on its own motion, on March 27, 1937, set McCrary's application down for further hearing at Odessa on April 9, 1937. On April 2, 1937, the Commission postponed this hearing to April 12th. Meantime, on April 9th, McCrary brought suit in the District Court of Travis County and was granted a temporary injunction against the Commission restraining it from interfering with his operations on the route from Marfa to Odessa via Pecos and intermediate points. Because of this injunction, the hearing set for April 12, 1937, was never held. McCrary operated under this injunction until October 5, 1937, at which time McCrary was, without further hearing or notice to Sunset, issued a certificate of convenience and necessity, and dismissed his injunction suit. Thereupon, Sunset, within 20 days thereafter, filed its motion for rehearing, which was by the Commission set down for hearing, and a hearing had at Pecos, on December 15, 1937, at which many witnesses testified on behalf of Sunset, as protestant, that the additional service granted to McCrary was not needed. After this hearing the Commission, on January 28, 1938, denied Sunset's motion, declining to consider the testimony heard on December 15, 1937, on the ground that after it had issued to McCrary a certificate, it lost jurisdiction over its order of October 5, 1937.

■■ It is manifest that the mere docket entry of February 15, 1937, did not constitute a final order of the Commission investing McCrary with any rights to operate his trucks over the highways. Art. 911b, Sec. 12(a) clearly contemplates and requires that the Commission shall, before any such order becomes final and appealable, make its findings of fact. This the Commission not only failed to do, but within a week after said date notified McCrary, who had begun operations, that he was operating in violation of law; thus not only clearly indicating that it had made no final order, but putting McCrary on notice that it had made no such final order. In addition to this, on March 27, 1937, the Commission set the matter down for further hearing and so notified the Sunset.

■■ It follows, therefore, that the Commission still had jurisdiction of McCrary's application when he filed his suit against it on April 9, 1937, and consequently the District Court of Travis County had no authority to issue the injunction in that case. Only final orders

of the Commission are, under the statutes, subject to review in the District Court. This was the exact question presented in Sproles Motor Freight Line v. Smith, Tex.Civ.App., 130 S.W.2d 1087, writ refused. Consequently the Commission had not lost jurisdiction of McCrary's application, and did not do so by virtue of McCrary's suit against it. Having asserted that jurisdiction after the docket notation of February 15th; and having set the matter down for further hearing at the instance of Sunset in April, 1937, which hearing was never had; the issuance by it on October 5, 1937, of said certificate (obviously in settlement of McCrary's suit against it and on condition that that suit be dismissed) without any notice to the Sunset, or without giving Sunset any opportunity to be heard, as the Commission had on March 27th, and again on April 2, 1937, notified the Sunset it would do, amounted, we think, to arbitrary action on its part, though doubtlessly done under a misapprehension of the jurisdiction of the District Court over the subject matter. That being true, its certificate of October 5, 1937, cannot be sustained. Sunset was entitled to its day before the Commission on further hearing in the matter before a final order could properly be entered. This it was denied by the issuance on October 5th of said certificate without notice or opportunity to be so heard.

This conclusion renders it unnecessary for us to pass upon the other contentions made by appellant, or to determine whether under the facts of the instant case the Commission should have considered the evidence adduced on the December 15th hearing at Pecos. It did not do so and has made no findings based thereon. Consequently Sunset was not given the opportunity to be heard to which it was under the law entitled.

The judgment of the trial court is therefore reversed and judgment here rendered setting aside as invalid the certificate of convenience and necessity granted by the Railroad Commission to T. M. McCrary on October 5, 1937; without prejudice, however, to the rights of McCrary to again apply to the Railroad Commission for further hearing on his application in the manner prescribed by law and under the rules and regulations of the Railroad Commission.

Reversed and rendered.