## SCOTT et al. v. ENGLISH et al.

### No. 3765.

Court of Civil Appeals of Texas. Beaumont.

Oct. 4, 1940.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, Gerald C. Mann, Atty. Gen., and Lee Shoptaw, Asst. Atty. Gen., for appellants.

Rawlings & Sayers and Reagan Sayers, all of Fort Worth, Leffingwell, Currie & Davis, of Dallas, Herbert L. Smith, and Albert G. Walker, both of Austin, Terry, Cavin & Mills, of Galveston, Andrews, Kelly, Kurth & Campbell and Baker, Botts, Andrews & Wharton, all of Houston, and Thompson & Barwise, of Fort Worth, for appellees.

O'QUINN, Justice.

This suit grew out of the following facts:

(a) On February 1, 1939, the Railway Commission of Texas (hereinafter referred to as Commission) granted to appellant Frank D. Scott a contract carrier permit No. 11342. This permit authorized Scott to transport under special contract with the Brown Candy & Cracker Company at Dallas, Texas, from Dallas to other points in Texas, to-wit: Amarillo, Wichita Falls, Fort Worth, Waco, Austin, San Antonio, Houston, and Beaumont, certain fragile and perishable commodities, such as candies, cakes and confections for the Brown Candy & Cracker Company from said company's place of business in Dallas, Texas, to its various warehouses and representatives in the eight other mentioned cities. The authority in this permit to transport was expressly limited to that type of transportation. Under this permit appellant Scott could move loaded only in one direction, from Dallas to the points of destination.

(b) On September 18, 1939, appellant Scott filed an application with the Commission requesting authority to add the Texas Brokers, Inc., of Dallas, Texas, as an additional shipper on his contract carrier permit. This application to add the Texas Brokers, Inc., to his permit sought to transport general commodities for the Texas Brokers, Inc. The Commission without

any notice, and without any hearing, granted the application the day it was presented, September 18, 1939. The Texas Brokers, Inc., is a corporation organized for the purpose of transporting goods, wares and merchandise or any valuable thing generally. This permit granted to Scott on September 18, 1939, adding to his permit as contract carrier was termed an amended permit.

(c) Appellees herein filed suit to set aside the amended permit, and on November 17, 1939, the district court for the 53rd judicial district of Travis County, Texas, entered an order and judgment in said suit cancelling and annulling the order and permit granted by the Commission on said date, September 18, 1939, and permanently enjoined 'appellant Scott from transporting any commodities for the Texas Brokers, Inc., under the authority of said amended permit. No appeal was taken from this judgment, which thereupon became final as to all parties to the litigation.

(d) While the suit next above mentioned was pending, on November 1, 1939, the Commission gave notice to appellees herein and to the public generally that a public hearing would be had on the application of appellant to amend his contract carrier permit (No. 11342) so as to authorize him to transport commodities for the Texas Brokers, Inc. This notice set the matter· for hearing on November 16, 1939, to be held at Austin, Texas. On November 3, 1939, on its own motion, the Commission postponed the hearing set for November 16, 1939, and served notice on appellees that the matter would be heard at a time and place to be thereafter announced by the issuance of new notices. The judgment (above mentioned) entered by the district court of the 53rd judicial district at Austin, Texas, cancelling the permit, was rendered · on November 17, 1939, and became final without an appeal, but on December 21, 1939, without any notice, and without a hearing having been had, the Commission granted appellant's application theretofore filed permitting him to add to his contract carrier permit the Texas Brokers, Inc., authorizing him, as a contract carrier, "to transport goods, wares and merchandise for the Texas Brokers, Inc. of Dallas, Texas, between Amarillo, Wichita Falls, Austin, Fort Worth, Dallas, Waco, San Antonio, Houston, and Beaumont."

On January 24, 1940, the instant suit was brought by appellees, H. E. English, W. A. Johnson, Sproles Motor Freight Lines, Inc.,

Merchants Fast Motor Lines, Inc., Red Arrow Freight Lines, Inc., T. S. C. Motor Freight Lines, Inc., and Johnson Transport Company, Inc., against appellants, Frank D. Scott, and G. A. Sadler, Lon A. Smith, and Ernest O. Thompson, in their official capacity as members of the Railroad Commission of the State of Texas, to cancel said permit (No. 11342 as amended) and to declare said permit void and of no effect, and praying for an injunction against appellants to restrain them from authorizing any operation by virtue of said order or permit.

On February 10, 1940, permission of the court having been had, the Gulf, Colorado & Santa Fe Railway Company, Panhandle & Santa Fe Railroad Company of Texas, Missouri-Kansas-Texas Railroad Company of Texas, Guy Thompson, trustee of the International-Great Northern, Railroad Company, Missouri Pacific Freight Transport Company, Texas & New Orleans Railroad Company, Southern Pacific Transport Company, and Fort Worth & Denver City Railway Company, intervened in this suit, each fully and sufficiently pleading its interests and rights as a common carrier of freight in the territory affected and to be affected by the granting to appellant, Frank D. Scott, of his application to amend his contract carrier permit by adding thereto Texas Brokers, Inc., authorizing him to transport goods, wares and merchandise in the territory mentioned in the application and permit as granted, and alleging that no necessity existed for the granting of said application, but that the public generally was amply served by the agencies then serving same, and adopted, in the main, the allegations of the plaintiffs English and others as grounds for cancelling said amended permit granted to said Scott on December 21, 1939, and prayed that same be cancelled, annulled and held void and that he be permanently enjoined from operating under or by virtue of same.

Appellants duly answered. The case was tried to the court without a jury, and resulted in a judgment· for appellees which set aside and cancelled the order of the Commission of date December 21, 1939, permitting appellant Scott to transport goods, wares and merchandise for Texas Brokers, Inc. This appeal is by Frank D. Scott from that judgment.

By his first assignment, appellant insists that he being a contract carrier operating under a contract carrier permit (No. 11342) no notice nor hearing was required, under

the statute, in order for the Commission to authorize him to add one additional contract to his contract carrier permit so that he would thereafter be authorized to transport for this one additional shipper (Texas Brokers, Inc.) over the same routes and between the same termini, he being at that time authorized to transport for only one shipper, namely, the Brown Candy & Cracker Company. We think the contention is without merit. The facts were: Scott had a contract carrier permit (No. 11342) authorizing him to transport for the Brown Candy & Cracker Company at Dallas, Texas, cakes, candies and confections from Dallas to Amarillo, Wichita Falls, Fort Worth, Waco, Austin, San Antonio, Houston, and Beaumont. Because of the fragile and perishable nature of these commodities, special equipment for carriage must be furnished, and quick deliveries be made to the warehouses of the company or to its agents at the several points of destination. The commodities all went from Dallas to the eight points of destination. No return freight was available because his permit was to transport for the Brown Candy & Cracker Company only and it had no return or incoming freight to be transported back to Dallas. The additional shipper he sought to transport for, the Texas Brokers, Inc., was organized for the purpose of gathering freight—goods, wares and merchandise generally for the purpose of transportation from the points where secured to any other point in Texas, but did not itself transport the commodities, securing the transportation by contract with some carrier. Appellant, if his contract carrier permit is amended allowing him to transport commodities for the Texas Brokers, Inc., could haul anything it could get for him to transport going in any direction between the eight cities above named. His shipments could originate at any one of the nine cities and they could be destined to any one of the others. Thus he could always move loaded instead of having commodities to be transported from Dallas to one of the points allowed in his original permit. Under the amended permit he would become a general freight carrier in competition with appellees in the whole territory covered by the permit.

Article 911b, Section 6(c), among other things, provides: "No application for permit shall be granted by the Commission until after a hearing nor shall any such permit be granted if the Commission shall be of the opinion that the proposed opera-

tion of any such contract carrier will impair the efficient public service of any authorized common carrier or common carriers then adequately serving the same territory," etc.

Section 11 of Article 911b, provides: "Upon the filing of said application for a certificate or permit, the Commission shall fix a time and place for hearing, and the place of hearing shall be in the City of Austin, Texas, unless otherwise ordered by the Commission."

 These provisions are mandatory. Nothing relative to the procedure mentioned is left to the construction of the Commission. The language is plain, unambiguous, and hence not open to construction by the Commission. Railroad Commission v. Red Arrow Freight Lines, Inc., Tex.Civ.App., 96 S.W.2d 735, writ refused. The appellees were common carriers serving the territory in which appellant desired to transport freight generally for Texas Brokers, Inc. They alleged that public necessity did not require that appellant be given the authority to transport commodities in that territory to give necessary service to the public. How could the Commission determine that question without a hearing? In order to ascertain the facts and determine the necessity or lack of same, the law very properly required that a hearing be had. The Commission must have had doubts about their method of procedure for it first set the application for hearing and gave notice to the interested parties of the time and place where the hearing would be had, but shortly afterwards on its own motion postponed the hearing, and gave notice that the hearing would be had upon notices to be later issued. For some reason the matter was not again set for hearing, but without any notice and without any hearing, it granted appellant's application, and authorized him to add to his contract carrier permit Texas Brokers, Inc., with whom he could contract to transport its freight anywhere between the several cities mentioned in his application, thus authorizing him to carry freight of any character, in any direction, at any time, in transporting freight for Texas Brokers, Inc., in competition with appellees who were then serving the public in that territory. This action in granting the application and issuing the permit without any notice and without any hearing was in the very teeth of the statute, and therefore unlawful and void. Sunset Truck Lines, Inc.

v. Railroad Commission, Tex.Civ.App., 134 S.W.2d 373.

What we have said disposes of the appeal and renders a discussion of the other points presented unnecessary. The judgment should be affirmed and it is so ordered.

Affirmed.