### YELLOW CAB TRANSIT CO., Inc., v. TUCK et al.

#### No. 12603.

Court of Civil Appeals of Texas. Dallas.

Feb. 5, 1938.

Rehearing Denied Feb. 26, 1938.

Phinney & Hill, of Dallas, for appellant.

Jas. D. Buster, of Sherman, and Claude Pollard, of Austin, for appellees.

BOND, Chief Justice.

Appellant, Yellow Cab Transit Company, Inc., instituted this suit to restrain the officials of the city of Sherman from enforcing an ordinance, duly and legally passed by the constituted authority of the city, regulating the use of its public streets, avenues, alleys, highways, boulevards, and public grounds as to the weight of loads and size of vehicles operating thereon.

The ordinance under attack makes it an offense for any commercial motor vehicle, truck, tractor, etc., to be operated on the public streets of the city of Sherman with a load exceeding 7,000 pounds, or having a greater weight than 600 pounds per inch width of tire upon any wheel. It prescribes the width, heighth, length, loading, etc., of motor vehicles, and makes it an offense, punishable by fine of not more than $200, for any person to violate any of the provisions of the ordinance. It further makes provision for the enforcement of the ordinance by the city officials, and for means of ascertaining the weight of such loads and motor vehicles. The ordinance is analogous to, and in almost the exact verbage of, the state law (article 827a, P.C.) regulating the use of, fixing the maximum load limit and the dimension, size, and weight of motor vehicles permitted to be operated over the highways of the state of Texas outside the limits of cities and towns, and fixing the penalty for the violation of said law.

It is contended that the ordinance is in conflict with the general laws of the state, article 827a of the Penal Code, fixing the maximum load limit, dimension, size and weight of motor vehicles; and it is urged that, as the state law excludes from its operation the public streets of incorporated cities and towns, it constitutes a finding on the part of the Legislature that no similar regulation was needed for the streets of incorporated cities and towns, hence, by implication, excluded any action on the subject by such cities and towns.

The city of Sherman is a "home rule city" operating under the provisions of section 5, article 11, of the Constitution of Texas, and article 1165 et seq., Revised Civil Statutes of Texas. The constitutional and statutory provisions each provide for incorporation by cities of a designated class according to and depending upon the expressed will of the people to be affected; and, in part, declares, "Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature," and provided that, "No charter or any ordinances passed under said charter shall contain any provision inconsistent with the Constitution or general laws of this State." Article 11, § 5, Constitution.

And the Enabling Act (article 1165 et seq.)' carrying into effect the above constitutional provisions also authorized the inhabitants of such cities to determine for themselves whether they shall be incorporated as a home-ruled city and be subject to the duties and liabilities incident to such corporations, as prescribed by the law relating thereto. Clearly, the purpose of the constitutional amendment and the Enabling Act was to bestow upon all cities falling within the bracket of 5,000 inhabitants or more, the power of local self-government and full authority to do whatever the Legislature could theretofore have authorized the city to do.

In keeping with the purpose of the law, such corporations are expressly granted the authority, among the enumerated powers, "To have exclusive dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city" (article 1175, subd. 16), and "prohibit the use of any street, alley, highway or grounds of the city by any telegraph, telephone, electric light, street railway, interurban railway, steam railway, gas company, or any other character of public utility without first obtaining consent of the governing authorities expressed by ordinance" (art. 1175, subd. 12), and, further, "To license, operate and control the operation of all character of vehicles using the public streets, including motorcycles, automobiles or like vehicles, and to prescribe the speed of the same, the qualification of the operator of the same, and the lighting of the same by night and to provide for the giving bond or other security for the operation of the same" (art. 1175, subd. 20). In order that the enumeration of the particular powers might not be construed as a limitation of authority of such municipal corporation, a further provision in the act, now article 1176, recites that, "The enumeration of powers herein above made shall never be construed to preclude, by implication or otherwise, any such city from exercising the powers incident to the enjoyment of local self-government, provided that such powers shall not be inhibited by the State Constitution."

█ It will be noted that the amendment of the Constitution and the Enabling Act passed pursuant thereto, under which the city of Sherman was incorporated, and is now acting, gives to cities so incorporated the power to adopt and amend their charter, subject to such limitations as may be pre-scribed by the Legislature; provided, however, that no charter or ordinance passed under the grant shall contain any provision inconsistent with the Constitution. The powers of such city are derived through the passage of the constitutional amendment. The amendment constitutes the rule of the local inhabitants of the city, and it is no longer necessary for the Legislature to confer powers upon them to act, or is it necessary to look to the acts of the Legislature for a grant of power; only limitations on the power to act need be considered. Xydias Amusement Co. v. City of Houston, Tex.Civ.App., 185 S.W. 415.

The Legislature has uniformly recognized, guarded, and preserved the plenary powers of municipal corporations operating under the Home Rule Amendment and the Enabling Act of the Legislature, over the streets, alleys, and public places located within the corporate limits. In regulating the load limit, the weight, width, and size of motor vehicles operating on state highways "outside of the limits of incorporated cities or towns," as prescribed by article 827a, Penal Code, the amendatory acts of the Regular Session of the 42d Legislature, c. 282, Acts 1931, 42d Leg., c. 282, § 12, concludes as a final section (section 12), that: "Nothing contained in this act shall be construed so as to limit, restrict or impair the rights, powers and duties of the governing bodies of cities and towns in this State to continue the exercise of control over and regulations in respect to streets, alleys and other public places located within the corporate limits of cities and towns, nor to limit or restrict the right of cities and towns to regulate and control traffic upon the streets, alleys and other public places in cities and towns under any law of this State; provided, no city or town shall pass any ordinance or make any regulation establishing any limit or requirement less than is provided for by the terms of this Act." To the same extent were the rights of such corporations guarded in the enactment of chapter 277 of the Regular Session of the 42d Legislature, amending c. 314, 41st Leg., § 2, providing for the further regulation of and the issuance of permits and certificates to motor carriers for hire over the highways of this state, in providing that "nothing in this Act or any provision thereof shall be construed or held to in any manner affect, limit or deprive cities and towns from exercising any of the powers granted them by chapter 147, Pages 307 to 318, inclusive [now article 1165 et seq., R.S.]

of the General Laws of the State of Texas passed by the 33rd Legislature, or any amendments thereto." Vernon's Ann.Civ. St. art. 911b; § 2.

Giving effect to the legislative act and the charter of the city of Sherman, it would seem that the city, acting through its constituted authority, would have as great a power over the streets, alleys, and public places of the city, as far as relates to their use by vehicles, as would the Legislature over the highways of the state outside of the limits of such cities and towns. The city of Sherman possesses the legislative power, by charter .or ordinance, to require motor operators to limit the loads, the weight, height, and length of their motortrucks and make suitable provisions for the enforcement thereof. Under these broad grants of power, the city of Sherman has passed the ordinance under attack, analogous to the state as effecting motor operators and vehicles on state highways of this state. The Legislature, by the enactment of article 827a of the Penal Code, made the finding that no regulation by the state was needed for the public streets 'in cities and towns, that the transportation of property by motor carriers over the public streets of cities and towns should be left exclusively within the jurisdiction of their governing bodies. The ordinance is not in violation of any provisions of the Constitution; it is not inconsistent with any law. of the state of Texas, or the United States, and is not unreasonable in any respect. The act of the Congress of the United States, known as the Federal Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327, regulating the size and weight of motor vehicles to be used by an interstate motor carrier in transportation operations for hire, does not deprive the states and the municipal subdivisions of the state of their police power to regulate the size and weight of motor vehicles using the streets and highways of such state. It is settled law that a state, or any subdivision thereof, may not withhold from nonresident individuals, or interstate transportation operators, the right of doing business in the state. The privileges and immunities clause of the Federal Constitution (Amend. 14) safeguards to the citizens of one state the right to pass through or to reside in any other state for the purpose of trade, etc. However, courts recognize the right of a state to regulate the use of its highways, and such regulation may be extended to include nonresidents as well as residents, interstate transportation as well as intra-

state. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Morris v. Duby, 274 U.S. 135, 47 S.Ct. 548, 550, 71 L.Ed. 966; L. & L. Freight Lines v. Railroad Commission of Florida, D.C., 17 F.Supp. 13; Houston & N. Texas Motor Freight Lines v. Phares, D.C., 19 F.Supp. 420; Werner Transportation Co. v. Hughes, D.C., 19 F. Supp. 425.

In the trial of this cause, the learned trial judge, on hearing, dissolved a temporary injunction theretofore granted, restraining the enforcement of the ordinance by the policemen of the city of Sherman. We think the action of the court presents no error; the judgment is affirmed.

Affirmed.