James W. MALONE et al., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 12824.

Court of Civil Appeals of Texas.

Galveston.

April 14, 1955.

Rehearing Denied May 5, 1955.

Seymour Lieberman, John Benn, Houston, for appellants.

Will G. Sears, City Atty., Robert L. Burns, Senior Asst. City Atty., Houston, for appellees.

HAMBLEN, Chief Justice.

The following statement of the nature of this suit, which is considered adequate for the purposes of this opinion, is taken from appellants' brief.:

On or about the 22nd day of September, 1954, appellants brought a class suit in the nature of a declaratory judgment to determine the rights of the plaintiffs as affected by a municipal ordinance, and the object of the declaratory judgment was to seek and obtain declarations and a determination of the unconstitutionality of certain sections of a municipal ordinance, adopted by one of the defendants herein, The City of Houston, on the 25th day of August, 1954, and becoming effective on the 26th day of September, 1954, which substantially prohibited the sale to any child under the age of eighteen of a crime comic book.

The plaintiffs in the District Court in their original petition also asked for a temporary injunction to temporarily enjoin the enforcing of the Crime Comic Book Ordinance pending a final hearing thereon, and that the plaintiffs be permitted to continue the sale of pamphlets, books, magazines and other publications set forth in the ordinance as they were then doing, or did prior to the enactment of said ordinance.,

The defendants filed exceptions to the entire cause of action for want of jurisdiction. The court, without a hearing on the merits of the temporary injunction, sustained the exceptions in its final judgment, and dismissed the cause for want of jurisdiction, to which ruling the plaintiffs excepted and gave notice of appeal.

We deem it unnecessary to set forth the six points of error upon which appellants seek a reversal of the judgment rendered for the reason that we consider the sole question presented to this Court to be the correctness of the trial court's action in dismissing the cause for lack of jurisdiction. Except in so far as it might bear upon the determination of that question, the constitutionality or validity of the ordinance is not before us. ·

The ordinance involved is conceded by all litigants to be a penal ordinance enacted by the City of Houston under the authority delegated.to it by the State Legislature. Under the division of jurisdiction between the civil and criminal courts which prevails in this State, the constitutionality or validity of a penal statute or ordinance is ordinarily within the exclusive jurisdiction of the criminal courts. The equity jurisdiction inherent in the civil courts of general jurisdiction in this State has been held to be properly invoked and exercised only in those cases wherein the enforcement of the statute or ordinance complained of will result in injury to a vested property right for which no adequate remedy is available through the criminal courts. Unless civil jurisdiction is so limited, there could patently result a conflict in the decisions of our courts of civil and criminal jurisdiction, and consequent uncertainty in the law. The law appears to be settled in Texas that equity will not enjoin criminal proceedings or attempt to stay the hands of police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. State ex rel. Flowers v. Woodruff, 150 Tex. Cr.R. 255, 200 S.W.2d 178; Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; Stecher v. City of Houston, Tex.Civ.App., Galveston, 272 S.W.2d 925 (app. ref. N.R.E.).

The Uniform Declaratory Judgments Act, Article 2524–1, Sections 1 to 16, inc., Vernon's Annotated Texas Statutes, does not enlarge upon the jurisdiction of the civil courts in so far as the present litigation is concerned. In Stecher v. City of Houston, supra [272 S.W.2d 928], this Court held that that Act conferred the declaratory power upon courts " 'within their

respective jurisdictions,'" and that the trial court in that case, being one of civil jurisdiction only, had no jurisdiction to declare rights, status or other legal relationships arising under a penal statute. In the cited case it was further pointed out that any declaration of the trial court relative to the constitutionality or validity of the ordinance there involved would be ineffectual and unenforcible except by writ of injunction. Both conclusions are manifestly applicable in the present case. The jurisdiction of the trial court is therefore dependent upon the question of whether the ordinance involved is unconstitutional and void, and its enforcement will result in irreparable injury to a vested property right.

Aside from any other consideration, we conclude that the appellants' suit must fail because of their failure to allege or prove irreparable injury. The only penalty provided for in the ordinance here involved, is imposed upon any person selling or displaying for sale "comic books" within designated categories. No penalty is imposed upon any purchaser, nor is any destruction or confiscation of property provided for. Under such circumstances, it is held that persons situated as appellants here are afforded adequate remedy through the criminal courts of this state. The remedy consists in proceeding with their business, and raising the question of the validity of the ordinance in defense of any prosecution that might be brought against them. Such seems clearly to be the conclusion reached by the Supreme Court of Texas in City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 529. In that case the ordinance imposed a penalty against "'any person who shall bury, or cause to be buried, or in any manner aid or assist in the burial of the dead body of a human being'". In upholding the right of the cemetery association to injunctive relief against the enforcement of such ordinance, the Supreme Court based its conclusion upon the proposition that the ordinance placed prospective purchasers from the association in terror of the law, and that the association was thereby deprived of the legal remedy of violating the terms of the ordinance and attacking its validity in the event of prosecution for such violation. But the court makes it quite clear that it is the imposition of a penalty against persons other than the sellers which gives rise to the civil remedy of injunction, as the following quotation from the opinion demonstrates: "If a penalty was denounced against no one but the market man who should sell, it would seem that his remedy would be to proceed with his business, and defeat any prosecution that should be brought against him for the infraction of the void ordinance."

We concede that the conclusions which we have reached and stated appear to be in conflict with the decisions of other courts to which our attention has been directed by counsel for appellants, particularly, among others, the case of Dibrell v. City of Coleman, Tex.Civ.App., Austin, 1915, 172 S.W. 550 (writ refused). We do not undertake to reconcile such conflict, if it can in fact be reconciled. Our conclusion is that the rule set forth in the case of City of Graham v. Seal, Tex.Civ.App., Fort Worth, 1921, 235 S.W. 668 (writ dismissed), is better calculated to preserve the integrity of the constitutional division of civil and criminal jurisdiction in this State; is clearly supported by the opinion of the Supreme Court in the City of Austin v. Austin City Cemetery Ass'n case, supra; and represents the view of the majority of the Courts of Texas which have dealt with the question. The view expressed in Dibrell v. City of Coleman, supra, appears to us to be contrary to the provisions of Article V, § 5 of the Vernon's Ann.St. Constitution of this State.

For the reasons stated, we are of the opinion that the trial court properly dismissed this cause for lack of jurisdiction. The judgment of the trial court is accordingly affirmed.

Affirmed.