**CENTRAL FREIGHT LINES, INC.,**
**Appellant,**

v.

**Mrs. Lillie BECKER et al., Appellees.**

**No. 14194.**

Court of Civil Appeals of Texas.

Houston.

Dec. 5, 1963.

Rehearing Denied Jan. 9, 1964.

———◆———

Phillip Robinson, Austin, atty.; James, Robinson & Starnes, Austin, of counsel, for appellant.

Pollan & Nicholson, John T. Nicholson, Rosenberg, for appellee Mrs. Lillie Becker, d/b/a Dixie Truck Line.

Reagan Sayers, Rawlings, Sayers, Scurlock & Eidson, Fort Worth, for appellee Red Arrow Freight Lines, Inc.

WERLEIN, Justice.

This suit was brought by appellee, Mrs. Lillie Becker, d/b/a Dixie Truck Line, hereinafter referred to as "Dixie," against Central Freight Lines, Inc., hereinafter referred to as "Central" or appellant. Appellee, Red Arrow Freight Lines, Inc., hereinafter referred to as "Red Arrow," intervened in the suit and largely made common cause with Dixie.

Appellees sought a declaratory judgment declaring that Central has no certificate of public convenience and necessity from the

Railroad Commission of Texas to perform a common carrier motor carrier service to the points named in Dixie's Certificate No. 2409, and in particular Duval Sulphur Plant, Rosenberg, Richmond, Sugarland, Stafford and Missouri City, and also declaring the rights, authority, places and routes authorized by appellant's Certificate of Public Convenience and Necessity No. 2325. Appellees prayed that Central be permanently enjoined from performing any character of motor common carrier service from Houston to said places or between such places in reverse order.

Appellant, in the alternative to its prayer that appellees take nothing, sought a declaratory judgment against appellees declaring that they were exceeding their Railroad Commission Certificates of authority. It also sought a permanent injunction enjoining each of such appellees from operating to and from certain points alleged to be in excess of their certificates of authority.

Appellees concede that Central has authority under a Common Carrier Motor Carrier's Certificate, other than Certificate No. 2325, to serve Missouri City. They took a non-suit as to Missouri City and Duval Sulphur Plant.

Appellant appeals from the judgment of the trial court holding and declaring that Central has no authority under Common Carrier Motor Carrier's Permanent Certificate of Convenience and Necessity No. 2325 to perform an intrastate common carrier service between Houston and Rosenberg or to any point or place on the route between Houston and Rosenberg over U. S. Highway 59, and in enjoining Central from performing any such service at Rosenberg or any such intermediate points except Missouri City. Appellant also appeals from the judgment of the trial court by cross-assignment in connection with its counterclaim (a) in holding and declaring that Dixie has authority under its Certificate No. 2409 to perform common carrier service between Houston and Rosenberg and all intermediate points on the route between

Houston and Rosenberg over U. S. Highway 59, and (b) in holding and declaring that Red Arrow has authority under its Certificate No. 2600 to perform the same character of unrestricted common carrier service as does Dixie between Houston and Rosenberg and at intermediate points on the route between Houston and Rosenberg over U. S. Highway 59.

Appellant asserts that Dixie and Red Arrow, while claiming the right to serve Rosenberg and intermediate towns between Rosenberg and Houston on Highway 59, also known as Highway 90A, between such points, under their Certificates of Convenience and Necessity, are attempting to make a collateral attack upon Certificate No. 2325 and the Railroad Commission's decisions and orders on which it is based. Clearly, this suit is not a direct attack upon any order of the Railroad Commission of Texas. A suit directly attacking an order of the Commission would have to be filed in the District Court of Travis County as provided by Article 911b, Sec. 20, Vernon's Annotated Texas Statutes.

Appellees, on the other hand, contend that they are not attacking the order of the Railroad Commission, but are merely asking that Certificate No. 2325 be construed by the court and that the court declare what rights and authority Central may have under such certificate.

A brief review of the history of Certificate No. 2325 and the evidence, which consists largely of exhibits, will be helpful in considering the questions presented by this appeal. On September 12, 1929 the Railroad Commission of Texas issued a Class "A" Motor Carrier's Temporary Certificate of Convenience and Necessity No. 2325 to Jesse C. Rinn, of Brenham, Texas, authorizing the operation of a motor carrier service from Brenham to Houston via Chappel Hill—one roundtrip daily. Under the subheading "(Other Towns and Stops on the Route and between Termini)," is inserted "Brenham to Houston via Bellville—one roundtrip daily."

This certificate was issued on the application of said Jesse C. Rinn, dated June 12, 1929, to which was attached Exhibit "D": "1. Route is from Brenham to Houston via Chappel Hill, and 2. The second route is from Brenham to Houston via Bellville, Sealy, Wallis and Houston." There was also attached to such application a schedule showing time of leaving Brenham and Houston and arriving at said points, together with a rate schedule applicable to said named points. No protest was filed to such application.

On July 10, 1931 the Railroad Commission entered an order approving and granting permission for the sale and transfer by Jesse C. Rinn, d/b/a Rinn's Truck Line, to P. H. and F. E. Deschner, d/b/a Rinn's Motor Freight Line, of said Certificate of Convenience and Necessity authorizing the operation of a Class "A" Motor Carrier Service from Brenham to Houston via Chappel Hill and from Brenham to Houston via Bellville. On August 22, 1931 Permanent Certificate of Convenience and Necessity No. 2325 Intrastate was issued to the said P. H. and F. E. Deschner, d/b/a Rinn's Motor Freight Line, to operate from Brenham to Houston via Chappel Hill, or Bellville, alternating, one roundtrip daily. Such certificate was issued in accordance with the provisions of Chapter 314, Acts Regular Session, 41st Legislature, 1929, as amended at the Regular Session, 42nd Legislature, 1931.

On March 15, 1932, the Commission approved the sale and transfer of Certificate No. 2325 from P. H. and F. E. Deschner, d/b/a Rinn Motor Freight Line, to Jesse C. Rinn, d/b/a Rinn Motor Freight Line, authorizing service from Brenham to Houston via Bellville, Sealy, Wallis and Chappel Hill. On January 5, 1935 Permanent Certificate of Convenience and Necessity No. 2325 was issued authorizing the said J. C. Rinn, d/b/a Rinn's Motor Freight Line, to operate from Brenham to Houston via Chappel Hill and/or Bellville, Sealy and Wallis, and on January 23, 1935 permission was granted to change the schedule of service. The new schedule gave the time of departure and arrival at said points. No change was made in the points to be served. By order of the Commission dated October 10, 1935, the application of said Rinn for authority to extend his present common motor carrier service from Bellville to Industry, 15 miles distant, on Highway 159 was granted. On February 9, 1938 the Commission approved the sale of said certificate from Rinn to Union Truck Depot, Inc., and Certificate No. 2325 was issued to said Union Truck Depot, Inc., February 14, 1938. With the exception of adding Industry, no change was made in the towns or points to be served.

On January 11, 1940 Union Truck Depot, Inc., filed its motion with the Railroad Commission for clarification and correction of its Common Carrier Certificate No. 2325, asking that the Commission set out in said certificate the town of Orchard, which town was alleged to be on appellant's route covered by said certificate, but not named as an intermediate point in said certificate. Pursuant to such motion the Commission on February 23, 1940 ordered that Orchard be expressly named in Certificate No. 2325. In the certificate issued February 27, 1940 this was done.

On October 31, 1960, the Railroad Commission, upon application of the holder of Certificate No. 2325, changed the name of such holder from Union Truck Depot, Inc. to Union Truck Lines, Inc. because of a charter amendment changing the corporate name of the holder. Following such change of name and because thereof, the Commission issued Certificate No. 2325 in the name of Union Truck Lines, Inc., under date of November 29, 1960, giving it authority to operate "from Brenham to Houston via Chappel Hill and/or Bellville, Sealy, Orchard and Wallis; and from Bellville to Industry: FINAL." On the face of the certificate is the notation "(Name Changed by Charter Amendment)". In the issuance of Certificate No. 2325 on November 29, 1960 the Railroad Commission used a printed form different from

those previously used in connection with Certificate No. 2325, which contained the following paragraphs:

Austin, Texas, NOV 29 1960 194—

"In accordance with the decision and order of the Railroad Commission of Texas, in its Certificate of Convenience and Necessity Docket No. 2325, and in accordance with the provision of Chapter 314, Acts, Regular Session of the Forty-first Legislature, 1929, as amended at the Regular Session of the Forty-second Legislature, 1931, as amended Regular Session of Forty-seventh Legislature, 1941 and as otherwise amended.

"THIS CERTIFIES that the public convenience and necessity require such operation and permission is hereby granted to         UNION TRUCK LINES, INC.,         whose principal address is      Box 18286, Houston, Texas, to operate as a common carrier motor carrier and to render a daily, coordinated motor carrier service in the transportation of commodities generally, to, from and between the cities, towns, villages and communities situated on and along the described portions of the highways and routes below set out, subject to the restrictions below set out, if any, and subject to rates approved by the Commission, on equipment registered with the Commission, with such frequency of service as is evidenced by schedules filed with the Commission, pursuant to its general orders. Schedules filed with the Commission shall be considered as expressly approved unless expressly disapproved by the Commission."

Just below the above printed language there appears to be typewritten the following: "To Operate: from Brenham to Houston via Chappel Hill and/or Bellville, Sealy, Orchard and Wallis; and from Bellville to Industry: FINAL". On October 16, 1961 the Commission approved the sale of Certificate No. 2325 from Union Truck Lines, Inc. to the appellant herein, Central Freight Lines, Inc. In the order approving such transfer the Commission authorized Central to operate in the same manner and under the same rules and regulations "as heretofore authorized under such certificate, and using in said operation the number of trucks as shown by the last equipment record." Both Dixie and Red Arrow opposed the transfer of the certificate to Central. Dixie's complaint was that the copy of the contract between Union Truck Lines, Inc. and Central, accompanying said application for sale and purchase of said certificate, refers to points such as Rosenberg, Richmond, Sugarland and Stafford, and all intermediate points, which were never included in Certificate No. 2325, and that in the alternative if such certificate authorized service to such points, they had not been served in the past by Union, and as to them said certificate was dormant. Red Arrow also took the same position with respect to partial dormancy and also asked for a rehearing because the affidavit of Union's president, Mr. Cole, indicated that Union had never conducted any operations under Certificate No. 2325 serving Rosenberg, Richmond, Sugarland, Stafford and Missouri City. Notwithstanding such protest the sale and transfer from Union to Central was approved. Neither Dixie nor Red Arrow appealed from the order of the Railroad Commission approving the sale and transfer, and they do not attack the same in the present suit.

■ We do not agree with appellant that this suit constitutes a collateral attack upon Certificate No. 2325 or upon the Railroad Commission's decisions and orders upon which it is based. The pleadings and the evidence show that appellees are merely seeking a declaratory judgment construing said certificate, declaring what rights and authority appellant has thereunder, and enjoining appellant from operating in excess of the authority granted in the certificate. In Sunset Express, Inc. v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 154 S.W.

2d 860, writ ref., w. m., the defendant's contentions were similar to those of appellant in this case. The court held that the District Court of Tarrant County, Texas, had jurisdiction to maintain a suit brought to enjoin a motor carrier from operating in excess of the authority granted under its certificate and to prevent further violation of a final order of the Railroad Commission. In that case, as in this case, the suit was not an appeal from any act, order or ruling of the Commission. See also Alamo Express v. Brown Express, Tex.Civ.App., 234 S.W.2d 62, writ ref., n. r. e.

■ The question narrows itself down to whether the printed language contained in the certificate to Union Truck Lines, Inc., upon change of its corporate name and in the certificate granted Central because of the sale and transfer from Union to Central, can be construed as extending for the first time service under Certificate No. 2325 to all of the cities, towns, villages and communities on and along the described portions of the highways and routes, between Brenham and Houston over Highway 59 in addition to the points expressly named in the original "grandfather" temporary Certificate No. 2325 issued in 1929 and in Certificate No. 2325 reissued at various times thereafter down to and including the last Certificate No. 2325 granted Central on November 24, 1961, without any change except the addition of Orchard and Industry as hereinabove shown.

As in Alamo Express v. Brown Express, supra, the certificates here involved were each and all founded on a Certificate of Convenience and Necessity issued under the "grandfather clause" of the Motor Carrier Act of 1929. Insofar as this litigation is concerned, neither appellant nor any prior assignors made application to the Commission for any certificate of convenience and necessity other than the basic application number 2325 and which does not cover in its route exhibit, map attached, time schedule, rate schedule or attached affidavits, any reference to any of the towns or points in-

volved in this suit on Highway 59. Appellant apparently attaches some importance to the typewritten phrase in parentheses, to wit: "(Other towns and stops on the route and between Termini)" contained in the various certificates preceding Certificate 2325 issued November 29, 1960. It seems clear from a careful examination of said certificates that such phrase is merely a subheading under which could be listed by name other towns and stops. A space some three inches in depth has been left on such certificates underneath said phrase or subheading for the filling in of the names of other towns and stops. None of the points involved in this suit has been inserted in such space on any of the certificates.

The Act of the 42nd Legislature, 1931, H. B. No. 335, Ch. 277, amends Section 5 of the Act of 1929 and provides, among other things:

"Sec. 5. No motor carrier shall hereafter operate as a common carrier for the transportation of property for compensation or hire over the public highways of this State without first having obtained from the Commission, under the provisions of this Act, a certificate declaring that the public convenience and necessity requires such operation; provided, however, the Commission shall, without application or hearing when this Act goes into effect, issue all motor carriers then operating lawfully under permanent certificates of public convenience and necessity heretofore issued to them, certificates in lieu of the certificates issued under the terms of the former law covering the same routes that said common carrier shall have been operating over, and no more."

The Act of 1931 does not give the Commission the authority without a hearing and declaration of public convenience and necessity, to issue a certificate except to a carrier that has been operating lawfully under a permanent certificate of convenience and necessity, and then only covering the same

routes that such carrier shall have been operating over and *no more.*

This brings us to a consideration of appellant's Certificate No. 2325 granted November 24, 1961, which contains the same language employed in the certificate issued to Union Truck Lines, Inc., on November 29, 1960, hereinabove set out. Since this is the same certificate as the original "grandfather" Certificate No. 2325 issued to Jesse C. Rinn September 12, 1929, with the exception that it names the towns of Industry and Orchard, neither of which is on Highway 59, it should be construed in light of its history hereinabove set out. Under the original grandfather clause and the Act of 1931, the certificate was restricted to operating as the applicant had been previously operating as shown in the application filed by the carrier and there could be no extension of such service without a hearing and finding of convenience and necessity. Alamo Express v. Brown Express, supra. The record shows that there has never been such hearing or finding by the Commission covering the towns in question in this suit. While one or more of the holders of such certificates may have undertaken by indirection to obtain an extension covering additional places to be served under Certificate No. 2325, we find neither an application asking for any such extension nor any action on the part of the Commission granting the same, unless the language hereinabove set out can be construed to do so.

It will be observed that said printed language in the certificate granting authority to operate to, from and between the cities, towns, villages and communities, is conditioned that such places be "on and along the *described portions of the highways and routes below set out."* Neither Highway 59 (90A) nor any other highway is set out in the original Certificate No. 2325 or any succeeding reissue thereof. Moreover none of the cities located on Highway 59 is named in the certificate with the exception of the terminal city, Houston, which is on, or the terminus of, many highways. The towns involved in this suit, and which are not named in Certificate No. 2325, are all on Highway 59.

In the blank space following the above mentioned printed language, there appears the definite, if not restricted, and final authority, which reads: "TO OPERATE: from Brenham to Houston *via Chappel Hill and/or Bellville, Sealy, Orchard and Wallis; and from Bellville to Industry: FINAL."* (emphasis supplied) The "described portions of the highways or routes below set out" are defined or marked by the named places thereon, to wit: Bellville, Sealy, Orchard, Wallis and Industry. It is clear that service may be rendered at such points or any places between such points. If Central, under its certificate, can serve all cities, towns, villages and communities between the termini Brenham and Houston, no purpose would be served by naming any point. A designated highway would be sufficient. Other points, however, are named, thereby designating the *portions of the highways and routes* where service may be rendered. If the Commission were undertaking to extend by implication the service permitted under Certificate No. 2325 to include all places, villages and communities on Highway 59, it surely would have designated at least one town or village on such highway between Houston and Brenham in order to mark an additional *portion of the route that might be served.* It evidently felt it necessary to include Orchard, which is on Highway 36, when service under Certificate No. 2325 was extended to that town.

Moreover, we must presume that the Railroad Commission, by using the printed form containing such general language, did not intend to grant an extension without following the procedure prescribed by law. We may also assume that by inserting in the blank space on the certificate, below such printed language, the places served which are on highways other than 59 and by refusing or failing to *set out* expressly Highway 59 or to set out the same impliedly by designating some city or town between Brenham and Houston located

thereon, the Commission did not intend to extend the service permissible under Certificate No. 2325 to places concerning which there had never been a hearing and a finding of public convenience and necessity. Alamo Express v. Brown Express, supra, and authorities cited therein.

It is our view that both Dixie and Red Arrow are entitled to serve the cities and towns on Highway 59 under their certificates of convenience and necessity, as found and decreed by the trial court. Furthermore, under our holding in this case Central has no justiciable interest in regard thereto, since it has no right to serve such points.

Appellant's other points of error are overruled.

Judgment affirmed.