**AIRPORT COACH SERVICE, INC.,**
**Appellant,**

v.

**CITY OF FORT WORTH et al., Appellees.**

**No. 783.**

Court of Civil Appeals of Texas,
Tyler.

Dec. 5, 1974.

Rehearing Denied Jan. 9, 1975.

Second Rehearing Denied Jan. 30, 1975.

limousine service from and on the D/FW Regional Airport. Appellant further sought injunctive relief from the enforcement of applicable regulations and penal ordinances enacted by the appellees in conjunction with the formation of Surtran. The trial court granted appellees' motion for summary judgment and appellant perfected its appeal.

Appellant holds Amended Certificate of Convenience and Necessity No. 2429–B, issued by the Railroad Commission of Texas. This certificate authorized appellant to transport passengers having prior or subsequent transportation by air and airline personnel over twelve specified routes to and from Love Field, Greater Southwest International Airport and certain specified cities in the Dallas/Fort Worth area. Appellant had the authority to serve all the intermediate points on these routes and to tack, join or combine the routes to render a coordinated or through service.

Sayers, Scurlock, Binion & Brackett, Fort Worth, for appellant; Lloyd Scurlock, Fort Worth, of counsel.

N. Alex Bickley, City Atty., Lee E. Holt, Joseph G. Werner, Asst. City Attys., Dallas, for appellee, City of Dallas.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellee, City of Fort Worth.

DUNAGAN, Chief Justice.

Appellant, Airport Coach Service, Inc., brought suit for a declaratory judgment against the appellees, the cities of Fort Worth and Dallas, alleging that their formation of D/FW Surtran Systems as the "single operator of ground transportation services for the Dallas/Fort Worth Regional Airport," denies appellant a privilege it has under RRC authority to operate

In 1964, Dallas and Fort Worth jointly undertook to establish a regional airport. Appellees now own and operate the D/FW Regional Airport under the authority of the Municipal Airport Act, Article 46d, sec. 14, Vernon's Ann.Tex.Civ.St. The airport area consists of 17,000+ acres and is located in the cities of Fort Worth, Grapevine, Euless and Irving. It is governed by a joint airport board appointed by the cities of Dallas and Fort Worth. Following the approval by both cities of a Code of Rules and Regulations prepared by the Joint Board,[1] the appellees contracted

---

1. This code was also adopted by the cities of Grapevine and Irving. The relevant sections of the Code are as follows:

"Chapter Two, Section 8. Solicitation of Ground Transportation

"It shall be unlawful for any person to solicit ground transportation business on the Airport, or to pick up passengers or baggage for hire on the Airport without a ground transporation permit from the Airport Board, or without having an Airport Board Concesssion, License or Franchise therefor, and, to the extent of any operations outside the Airport Boundaries without a license, permit or franchise from any City through which said business is conducted if lawfully regulated by the ordinances of any such city.

"Chapter Three, Section 4. Soliciting

"(c) It shall be unlawful to solicit any business or trade, including transportation of persons or baggage for hire on the Airport without a permit, concession or franchise from the Airport Board, and, to the extent of any operations outside the Airport Boundaries, without a license, permit or franchise from any city through which said business or trade is conducted if lawfully regulated by the ordinances of any such city.

to form a joint venture called D/FW Surtran Systems which was designated as the single operator of ground transportation service for the Regional Airport.

Surtran's responsibility consists of four operations: (1) Dallas bus-limousine service, (2) Fort Worth bus-limousine service, (3) service to other cities in the region, and (4) taxi and subcontract service. Surtran therefore has the franchise required by the code.

Appellant sought a judicial declaration that Certificate of Convenience 2429–B provided adequate authority for appellant to serve the D/FW Airport.

Appellant contends that each city in which the Regional Airport is located is a point which the appellant is authorized to serve under RRC Certificate No. 2429–B. Appellant asserts that by tacking, joining and combining various authorized routes, it can follow its routes from any point within the Airport to any point on its twelve routes. Appellant is also contending that the exclusive franchise held by Surtran violates the anti-monopoly provision of the Texas Constitution, Art. I, sec. 26, Vernon's Ann.St.; that the operation of the D/FW Airport is designed to close other area airports and that these closings will destroy the appellant's business. Because of this, appellant sought an injunction to prevent enforcement of the applicable code provisions so as to enable Airport Coach, Inc., to serve the D/FW Airport.

Appellant brings two points of error: (1) that the trial court erred in finding that it had no jurisdiction, and (2) that the trial court erred in granting defendants' motion for summary judgment. The jurisdictional error presented in point one, being essential to the power of this court

to consider this appeal must be considered first.

In the motion for summary judgment filed by Fort Worth and adopted by Dallas, it is contended in relation to the interpretation of Certificate of Convenience and Necessity 2429–B *"that there exists no right or privilege from which a justiciable controversy could spring between the plaintiff and this defendant and with respect to which the Declaratory Judgment Act, Article 2524–1 of the Revised Civil Statutes of Texas, gives this Honorable Court jurisdiction."* (Emphasis added.) In paragraph three of the motion, which we interpret to refer to the court's interpretation of those penal ordinances enumerated in footnote one, it is stated that "Even a cursory examination of plaintiff's prayer for relief, in light of the foregoing, reveals the attempted invocation of this court's equitable and declaratory powers to provide plaintiff with a bar to prosecution for violation of valid ordinances of the Cities of Dallas, Fort Worth, Grapevine and Irving and violation of the Code of Rules and Regulations of the Dallas-Fort Worth Regional Airport Board. Such a stratagem of collaterally attacking the ordinances and skirting the joinder of otherwise essential parties cannot create and *does not present a valid, justiciable controversy concerning which this Honorable Court could or should exercise jurisdiction under the provisions of Article 2524–1, Revised Civil Statutes of Texas."* (Emphasis added.)

In granting the summary judgment the district court states that in addition to specific findings indicating the non-existence of any genuine issue as to any material fact, "the City of Fort Worth and the City of Dallas, are entitled to judgment as a matter of law, and *that summary judgment*

---

"Chapter Four, Section 3. Penalty, Continuing Violations

"The violation of any provision of this Code where an act or failure to act is made unlawful or is otherwise prohibited, shall be punishable by a fine not to exceed Two

Hundred Dollars ($200.00), and each day a violation shall continue shall constitute a separate offense; provided, however, where the offense is one for which a penalty is fixed by state law, the latter penalty shall govern."

*should be granted upon each and every ground stated in said motion * * *."* (Emphasis added.)

A declaratory judgment is one which declares the rights and duties or the status of the parties. Article 2524–1, V.A.T.S. Although a cause of action in the sense of a claim upon which consequential relief may be granted is not essential to the maintenance of an action for declaratory judgment, there must exist a justiciable controversy. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960). The existence of a justiciable controversy is a jurisdictional pre-requisite to the granting of a declaratory judgment. Phillips Petroleum Co. v. Bivins, 423 S.W.2d 340 (Tex.Civ.App., Amarillo, 1967, n. r. e.). The court has the duty to decide whether a justiciable controversy exists. State v. Margolis, 439 S.W.2d 695 (Tex.Civ.App., Austin, 1969, n. r. e.).

As we construe the record in this case, appellant is asking the court to first construe Certificate of Convenience and Necessity 2429–B and declare rights thereunder and second, to construe the aforementioned penal ordinances and thereafter enjoin their enforcement. As evidenced from the language previously quoted from the motion for summary judgment and the judgment itself, the court found that it had no jurisdiction to construe Certificate 2429–B. In this finding the court erred. We believe that this is a proper situation for the application of the Uniform Declaratory Judgment Act. The Uniform Declaratory Judgment Act is broad in scope and should be liberally construed. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709 (Tex.1945). In Central Freight Lines, Inc. v. Becker, 373 S.W.2d 767, 770 (Tex.Civ. App., Houston, 1963, n. r. e.), the court, upon plaintiff's request for an interpretation of a Railroad Commission Certificate of Convenience, stated:

" * * * The pleadings and the evidence show that appellees are merely seeking a declaratory judgment construing said certificate, declaring what rights and authority appellant has thereunder, and enjoining appellant from operating in excess of the authority granted in the certificate. In Sunset Express, Inc. v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 154 S.W.2d 860, writ ref., w. m., the defendant's contentions were similar to those of appellant in this case. The court held that the District Court of Tarrant County, Texas, had jurisdiction to maintain a suit brought to enjoin a motor carrier from operating in excess of the authority granted under its certificate and to prevent further violation of a final order of the Railroad Commission. In that case, as in this case, the suit was not an appeal from any act, order or ruling of the Commission. * * *"

Similarly, in this case the suit is not an appeal from any act, order or ruling of the Railroad Commission. Appellant simply sought construction of Certificate 2429–B.

Both parties in their respective briefs give much emphasis to the jurisdiction or the lack thereof of the Railroad Commission over routes to and from the Regional Airport. It is appellees' contention that the lack of RRC authority over these routes precludes the existence of a justiciable controversy and therefore the court had no jurisdiction. However, as we see it, the question of the RRC's jurisdiction over these routes bears directly upon the rights available under Certificate No. 2429–B. The mere fact that this jurisdiction is questioned does not remove the presence of a justiciable controversy concerning the rights available under 2429–B but is only a matter to be determined in discovering those rights. A finding of no jurisdiction of the RRC over the appellant's routes would be part of a declaration of the rights and duties under 2429–B.

Nevertheless we do hold that such interpretation of jurisdiction is a question of law. There exists no genuine fact issue as

to any material fact, hence the trial court was correct in rendering the summary judgment.

However, the second allegation of lack of jurisdiction contained in paragraph three of appellees' motion for summary judgment is based on appellant's prayer that the questioned penal ordinances be declared void and enjoined from enforcement. Under the division of jurisdiction between civil and criminal courts which prevails in this State, the constitutionality or validity of a penal ordinance is ordinarily within the exclusive jurisdiction of the criminal courts. Malone v. City of Houston, 278 S.W.2d 204 (Tex.Civ.App., Galveston, 1955, n. r. e.). A declaration by a civil court on the constitutionality or validity of a penal ordinance is ineffectual and unenforceable except by injunction. Malone v. City of Houston, supra. In Texas, the law appears to be that equity will not enjoin a penal ordinance except where (1) the law attempted to be enforced is unconstitutional and void, and (2) its enforcement will result in irreparable injury to vested property rights. Crouch v. Craik, 369 S.W.2d 311 (Tex. Sup.1963). If either one of these requirements of equitable relief is lacking, the courts of equity have no jurisdiction to entertain such suit. State v. Logue, 376 S. W.2d 567 (Tex.Sup.1964).

Appellant here seeks to protect and maintain its alleged rights to use the streets and highways. However, no person can acquire a vested right to use public streets and highways for carrying on a commercial business. City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695 (1944). Appellant therefore has no vested property right to which the threat of irreparable injury would warrant enjoining a penal ordinance. Further, the basis of the appellant's contention of the unconstitutionality of the questioned ordinance is that it is in violation of Art. I, Sec. 26, V.A.T.C. Appellant contends that appellees, through their exclusive contract with Surtran, have created a monopoly over ground transportation to D/FW Airport and therefore are in violation of the provisions of Art. I, Sec. 26.

In State v. Gulf Refining Co., 279 S.W. 526 (Tex.Civ.App., Austin, 1925, refused), the court recognized four exceptions to the rule that exclusive contracts are prohibited monopolies, those exceptions being: (1) contract of agency wherein the agent is prohibited from dealing for himself or representing others besides his principal, (2) contract for the sale of a business in which the seller agrees for a limited time not to engage in a competing business within a limited territory, (3) lease contract where the lessee agrees on the leased premises to sell only certain products, and (4) cases in which an exclusive right or privilege is granted only upon the property or premises of the grantor. The situation in the instant case falls within exception four. There is no contention that the Airport is not owned exclusively by the cities of Dallas and Fort Worth. Therefore their grant of exclusive contracts for ground transportation service would not be a prohibited monopoly.

In addition, Section 11 of the Uniform Declaratory Judgment Act, Art. 2524–1, V.A.T.S., states:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. *In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard,* and if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard." (Emphasis added.)

The ordinances in question have also been adopted verbatim by the cities of Irving

and Grapevine. Therefore under Section 11, Irving and Grapevine also have an interest which would be affected by a declaration concerning these ordinances.

▬ In Crickmer v. King, 507 S.W.2d 314, 317 (Tex.Civ.App., Texarkana, 1974, n. w. h.), the court, in referring to the Declaratory Judgment Act, states:

" * * * That act provides that all parties who have or claim any interest which would be affected by the declaration *shall be made parties*. Art. 2524-1, Vernon's Ann.Tex.Civ.St. It is implicitly recognized in Few v. Charter Oak Fire Insurance Company, supra, and generally recognized elsewhere, that the legislative use of the words 'shall be made parties' indicates that joinder is mandatory, while the use of the words 'may be joined' indicates that joinder is permissive. Although subject to exceptions, the word 'shall' in legislative enactments has a clear mandatory connotation. State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279 (1958)."

We therefore conclude that the cities of Irving and Grapevine are indispensable parties to this action and that the trial court was without jurisdiction to proceed in the matter concerning the penal ordinances. Lack of indispensable parties is fundamental error which must be noted by the appellate court. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966); Crickmer v. King, supra; Sherrill v. Estate of Plumley, 514 S.W.2d 286, 298 (Tex.Civ.App., Houston, 1st Dist., 1974, n. w. h. at this time).

▬ Therefore the contentions of paragraph three of the motion were correctly sustained by the court. For the reasons hereinabove stated the trial court had no jurisdiction to interpret or enjoin the enforcement of the penal ordinances.

We are therefore faced with the conclusion that the trial court erred in finding no jurisdiction to interpret Certificate of Convenience No. 2429-B, but was correct in sustaining the contention alleging no jurisdiction to interpret the penal ordinances. Any further points therefore may only be considered insofar as they relate to the Certificate of Convenience No. 2429-B.

▬ Appellant's second point of error states simply: The trial court erred in granting defendants' motions for summary judgment. Point two urged by appellant is a general one and is of a scatter-barreled nature. While such a point is not in direct compliance with Rule 418, Texas Rules of Civil Procedure, requiring specificity in directing the court's attention to those grounds relied on for reversal, it has been established that even though the point be too general, if the statement, argument and authorities under the point do point out the particular things that are claimed to constitute reversible error, the appellate court will consider them. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (Tex. 1943). It therefore must follow that where the point of error is general, it is only those particular grounds of error pointed out in the statement, argument, and authorities under such point that are presented to the appellate court for review that will be considered under such point of error. Missouri-Kansas-Texas Railroad Company v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (Tex.1956).

Under this general point, the appellant enumerates several subpoints contending, among other things, that the penal ordinances involved are invalid because (1) they gave appellees a monopoly over ground transportation to and from the Regional Airport, (2) they involve the use of police power for purposes of obtaining a competitive advantage, and (3) they impinge on the jurisdiction of the Railroad Commission. However, as previously explained, the trial court did not have jurisdiction in this case to determine the validity of those penal ordinances. Therefore these subpoints may not be considered.

Those points on which the court based the summary judgment not briefed or

argued under this general point are waived.

■ In considering other subpoints under this general point, we must consider that the party moving for summary judgment has the burden of proving the non-existence of issuable facts and any doubts as to the existence of such facts must be resolved against the movant. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (Tex.1952). In considering these subpoints and arguments, we conclude that there exists no genuine issue as to any material fact. Point number two is overruled.

We have considered all other subpoints in their entirety and find no reversible error.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

This case is now before us on a motion for rehearing filed by Airport Coach Service, Inc., appellant. In the motion, appellant through various contentions alleges that we were in error in several of the rulings contained in our original opinion. We have read and carefully considered the motion touching these rulings and for the sake of clarity deem the following explanations to be necessary.

■ Appellant argues that because we found that the trial court did have jurisdiction to interpret Certificate 2429-B we should have ourselves interpreted the certificate. We acknowledge our oversight in this respect. The same rules apply to the construction of order of an administrative agency as those applied to the construction of statutes. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946); State v. Bilbo, 378 S.W.2d 871 (Tex.Civ. App., Austin, 1964), modified 392 S.W.2d 121 (Tex.). Therefore the aim and object of construction is to ascertain the intent of the legislative body, or as here, the administering body. City of Fort Worth v. Westchester House, Inc., 274 S.W.2d 732 (Tex.Civ.App., Fort Worth, 1954, n. r. e.)

The intention of the Railroad Commission, as expressed in the certificate, is a question of law and in arriving at a construction of the certificate, the court may consider the application made to and the order of the Railroad Commission. State v. Bilbo, supra.

■ ■ Appellant's Certificate of Convenience and Necessity No. 2429-B enumerates 12 specific routes over which appellant is authorized to operate. Included in the record is the original certificate dated December 7, 1970 and an amended certificate dated June 15, 1971, neither of which lists the Regional Airport as being included in the area of authorized service. The certificate does authorize service between Dallas and Greater Southwest International Airport located in Fort Worth and between Fort Worth and Love Field located in Dallas. This authority is given specifically by naming these points and by openly naming the highways to be used in traveling between these points. The certificate further lists Grapevine as a point of service but makes no mention of service to the D/FW Airport. It is an established rule of construction that the express mention or enumeration of one person or thing is equivalent to an express exclusion of all others. State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238 (Tex.Sup.1943); City of Dallas v. Yarbrough, 399 S.W.2d 938 (Tex.Civ.App., Dallas, 1966, n. w. h.). We must therefore conclude that the Certificate as presented in the record does not authorize service to the Dallas/Fort Worth Regional Airport.

■ Appellant, however, would argue that the authority to serve the cities of Grapevine and Fort Worth would, by implication, include authority to serve the Regional Airport, parts of which fall within the boundaries of these two cities. The printed language in the certificate grants authority to appellant to serve all intermediate points on such twelve listed routes and by tacking, joining and combining such routes at common service points to render

a coordinated or through service. It is clear, therefore, that service may be rendered only along those routes described between the various named cities and airports. If appellant could serve all portions of all cities or towns named in the certificate, no purpose would be served in naming specific routes or in allowing a city or municipality to have control over its streets and highways. Article 911a, V.A.T.S.; Yellow Cab Transit Co., Inc. v. Tuck et al., 115 S.W.2d 455 (Tex.Civ.App., Dallas, 1938, writ ref'd). Also, the Railroad Commission's intention in naming those specific airports in Dallas and Fort Worth to be served would be clouded. We therefore must conclude that the intention of the Railroad Commission was not to give authority to appellant to serve the Regional Airport. No mention is ever made in the proceedings concerning the acquisition of Certificate 2429–B of the Regional Airport.[2]

Further, under Art. 46d, V.A.T.S., the Municipal Airport Act, a municipality is authorized to construct, operate, maintain, police and protect airports either within or without the territorial limits of the municipality. Further authority is given to enter into various service and supply contracts or leases for a term not to exceed 40 years and to adopt, amend and repeal ordinances, rules and regulations as the city shall deem necessary for the management, government and use of the airport. Art. 46d–6 & 46d–7.

▄▄▄ In accordance with these powers, a Joint Operating Board was formed by the cities of Dallas and Forth Worth and certain ordinances were passed concerning the operation of the D/FW Airport. (See Footnote 1.) Because we have no reason to doubt the validity of these ordinances and because appellant has admitted that no application has been made to the Joint Board for permission to serve the Regional Airport, we conclude that appellant has no such authority.

It is our understanding that the appellant originally sought an interpretation of and an injunction against the enforcement of penal ordinances enacted by appellees in exercising their control over the airport and its operation. In support of a contention that the court should have enjoined the enforcement of various penal ordinances, appellant contends that the authority granted by Certificate 2429–B to serve the airport is a property right which will support an injunction and that any monopoly appellees might create for themselves is unlawful because it denies rights that the Legislature has granted to others. However, we have found that the Certificate 2429–B does not authorize appellant to serve the D/FW Regional Airport. We therefore conclude that the cities could give themselves a monopoly in the present situation, and that no previously granted rights had been denied. Therefore because not all of the elements required to enjoin a penal ordinance were present, the court lacked authority to do so.

In point six in his motion for rehearing, appellant contends that our holding that the nonjoinder of Irving and Grapevine does not support the affirmance of the summary judgment, the proper remedy being remand for joinder of these parties. However, assuming this point to be valid, our finding that those elements necessary to cause the injunction of a penal ordinance (see State v. Logue, supra) were lacking in this case still results in a finding of lack of jurisdiction. Therefore the presence of Irving and Grapevine would not have altered the final outcome of this case.

We must admit that the appellant's complaint concerning the appropriateness of point of error number two does have merit. Point of error number two is in compli-

---

2. Appellant did at one time apply for an amendment to Certificate 2429–B to have D/FW Airport expressly included in its area of authority. However this application was subsequently withdrawn before any commission action was taken.

ance with the decisions as rendered by the Supreme Court in Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup.1970) and we therefore find no basis for any criticism of this point.

Appellant finally argues that because we found that the trial court had no jurisdiction to determine the validity of the penal ordinances, this court erred in affirming the summary judgment on that part of the case. We did find that the trial court lacked jurisdiction to enjoin the enforcement of the penal ordinance and so stated in our opinion. However, the trial court did have jurisdiction to interpret the Certificate 2429–B which it failed to do and which we have now done. This interpretation is done as a matter of law and therefore we still remain convinced that the summary judgment based on this ground must be affirmed.

We have found no errors warranting the need for a rehearing of this cause. With the clarification of our original opinion appellant's motion is therefore overruled.